UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
JOHN BENJAMIN SILVERSTEIN,

Plaintiff,

-against-

MASSAPEQUA UNION FREE SCHOOL DISTRICT (the
"District"), NASSAU COUNTY BOARD OF
COOPERATIVE EDUCATION SERVICES ("BOCES"),
and CONTEMPORARY COMPUTER SERVICE, INC.
("CCSI"),

Defendants.

------------------------------------------------------------------------x

Docket No. 18 Civ. 4360 (JFB)(AKT)

**MEMORANDUM OF LAW IN SUPPORT OF
THE DISTRICT'S MOTION TO DISMISS**

SOKOLOFF STERN LLP
*Attorneys for Defendant*
*Massapequa Union Free School District*
179 Westbury Avenue
Carle Place, New York 11514
(516) 334-4500
File No.: 160043

Of Counsel:
  Mark A. Radi

# TABLE OF CONTENTS

TABLE OF AUTHORITIES.................................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................... 1

STATEMENT OF FACTS ................................................................................................... 1

PROCEDURAL HISTORY .................................................................................................. 3

STANDARD OF REVIEW ................................................................................................... 4

ARGUMENT ........................................................................................................................ 5

POINT I.............................................................................................................................. 5
PLAINTIFF'S CLAIMS ARE TIME-BARRED

    FLSA ........................................................................................................................ 5

    ADEA/ADA ............................................................................................................. 6

    STATE LAW CLAIMS ............................................................................................ 7

POINT II ........................................................................................................................... 9
PLAINTIFF IS EXEMPT UNDER FLSA AND NY LABOR LAW

POINT III .......................................................................................................................... 12
PLAINTIFF FAILED TO STATE ANY PLAUSIBLE CLAIM

    FLSA/LABOR LAW............................................................................................... 12

    ADEA/ADA ............................................................................................................. 13

    DENIAL OF BENEFITS .......................................................................................... 15

    STATE LAW ........................................................................................................... 17

POINT IV .......................................................................................................................... 24
PLAINTIFF'S NOTICE OF CLAIM IS LATE

CONCLUSION .................................................................................................................... 27

<u>TABLE OF AUTHORITIES</u>

**CASES**

<u>Abe v. N.Y. Univ.</u>, No. 14-cv-9323 (RJS),
  2016 WL 1275661 (S.D.N.Y. Mar. 30, 2016) ................................................................ 16, 17

<u>Ahmed v. N.Y.C. Hous. Auth.</u>,
  119 A.D.3d 494 (2d Dep't 2014) ................................................................................ 26

<u>Ahmed v. Town of Oyster Bay</u>,
  7 F. Supp. 3d 245 (E.D.N.Y. 2014) ............................................................................. 5

<u>Alexander v. Westbury Union Free Sch. Dist.</u>,
  829 F. Supp. 2d 89 (E.D.N.Y. 2011) ........................................................................... 20

<u>Amorosi v. S. Colonie Indep. Cent. Sch. Dist.</u>,
  9 N.Y.3d 367 (2007) ................................................................................................ 8

<u>Andrews v. Cerberus Partners</u>,
  271 A.D.2d 348 (1st Dep't 2000) ................................................................................ 22

<u>Arnold v. Research Found. for State Univ. of N.Y.</u>,
  216 F. Supp. 3d 275 (E.D.N.Y. 2016) .......................................................................... 17

<u>Ashcroft v. Iqbal</u>,
  556 U.S. 662 (2009) ................................................................................................. 4

<u>Bah v. City of New York</u>, No. 13 Civ. 6690(PKC)(KNF),
  2014 WL 1760063 (S.D.N.Y. May 1, 2014) .................................................................. 20

<u>Bannister v. Agard</u>,
  125 A.D.3d 797 (2d Dep't 2015) ................................................................................ 18

<u>Bell Atl. Corp. v. Twombly</u>,
  550 U.S. 544 (2007) ................................................................................................. 4

<u>Berger v. N.Y.C. Police Dep't</u>,
  304 F. Supp. 3d 360 (S.D.N.Y. 2018) .......................................................................... 17

<u>Blake v. Race</u>,
  487 F. Supp. 2d 187 (E.D.N.Y. 2007) .......................................................................... 20

<u>Blue v. City of New York</u>, 14-CV-7836 (VSB),
  2018 WL 1136613 (S.D.N.Y. Mar. 1, 2018) .................................................................. 25

Bosoro v. Am. Comprehensive Healthcare Med. Grp., P.C., No. 14-CV-1099 (ENV),
  2015 WL 5676679 (E.D.N.Y. Aug. 31, 2015) ............................................................. 13

Braun v. Adm'rs for the Professions, Inc., 2:17-cv-4055 (DRH)(AKT),
  2018 WL 3597504 (E.D.N.Y. July 26, 2018) ......................................................... 13, 14

Cannon v. Douglas Elliman, LLC, No. 06 Civ.7092(NRB),
  2007 WL 4358456 (S.D.N.Y. Dec. 10, 2007) ............................................................. 20

Castells v. Fisher, No. 05 CV 4866(SJ),
  2007 WL 1100850 (E.D.N.Y. Mar. 24, 2007) ............................................................. 14

Clark v. Daby,
  300 A.D.2d 732 (3d Dep't 2002) ............................................................................. 22

Clarke v. JPMorgan Chase Bank, N.A., No. 08 Civ. 2400(CM)(DCF),
  2010 WL 1379778 ................................................................................ 5, 9, 10, 11

Cohen v. Avanade, Inc.,
  874 F. Supp. 2d 315 (S.D.N.Y. 2012) ................................................................. 19, 21

Consol. Constr. Grp., LLC v. Bethpage Union Free Sch. Dist.,
  39 A.D.3d 792 (2d Dep't 2007) ............................................................................. 25

Corsello v. Verizon N.Y., Inc.,
  18 N.Y. 3d 777 (2012) ........................................................................................ 22

Danielak v. City of New York, No. 02-CV-2349 (KAM),
  2005 WL 2347095 (E.D.N.Y. Sept. 26, 2005) ........................................................... 20

Day An Zhang v. L.G. Apparel Inc., No. 09-CV-3240 (KAM),
  2011 WL 900183 (E.D.N.Y. 2011) ........................................................................... 6

DeJesus v. HF Mgmt. Servs., LLC,
  726 F.3d 85 (2d Cir. 2013) .................................................................................... 12

Diamond v. Local 807 Labor-Mgmt. Pension Fund, No. 12-CV-5559 (RRM)(VVP),
  2014 WL 527898 (E.D.N.Y. Feb. 7, 2014) ........................................................... 15, 16

Dillon v. Suffolk Cty. Dep't of Health Servs.,
  917 F. Supp. 2d 196 (E.D.N.Y. 2013) ................................................................. 25, 26

Dudley v. N.Y.C. Hous. Auth., 14 Civ. 5116 (PGG),
  2017 WL 4315010 (E.D.N.Y. Sept. 25, 2017) ............................................................. 7

Edwards v. Jericho Union Free Sch. Dist.,
   904 F. Supp. 2d 294 (E.D.N.Y. 2012)..................................................................25

El v. Potter, No. 01 Civ. 6125(RWS),
   2004 WL 2793166 (S.D.N.Y. Dec. 6, 2004)..........................................................5, 6

Engquist v. Or. Dep't of Agr.,
   553 U.S. 591 (2008) ...............................................................................................14

Eurycleia Partners, LP v. Seward & Kissel, LLP,
   12 N.Y.3d 553 (2009) ............................................................................................18

Feingold v. Hankin,
   91 F. App'x 176 (2d Cir. 2004)..............................................................................25

Fernandez v. City of New York,
   148 A.D.3d 995 (2d Dep't 2017) ...........................................................................26

Flood v. Just Energy Mktg. Corp., 7:15-cv-2012 (KBF),
   2017 WL 280820 (S.D.N.Y. Jan. 20, 2017)..........................................................10

Flynn v. N.Y.C. Bd. of Educ., No. 00 CIV 3775(LAP),
   2002 WL 31175229 (S.D.N.Y. Sept. 30, 2002) ..................................................7, 26

Franklin v. N.Y. Law Publ'g Co., No. 95 Civ. 1024 (JSM),
   1995 WL 408390 (S.D.N.Y. July 11, 1995) ............................................................5

Garcia v. Yonkers Bd. of Educ.,
   188 F. Supp. 3d 353 (S.D.N.Y. 2016)....................................................................25

Giambattista v. Am. Airlines, Inc.,
   5 F. Supp. 3d 284 (E.D.N.Y. 2014)........................................................................14

Gillum v. Nassau Downs Reg'l Off Track Betting Corp. of Nassau,
   357 F. Supp. 2d 564 (E.D.N.Y. 2005)....................................................................14

Ginsburg Dev. Cos., LLC v. Carbone,
   134 A.D.3d 890 (2d Dep't 2015) ...........................................................................21

Gochberg v. Sovereign Apartments, Inc.,
   119 A.D.3d 431 (1st Dep't 2014)............................................................................8

Goldman v. White Plains Ctr. for Nursing Care, LLC,
   11 N.Y.3d 173 (2008) ............................................................................................21

Gordon v. Woodbourne Corr. Facility,
   481 F. Supp. 2d 263 (S.D.N.Y. 2007) ................................................................ 14

Gualandi v. Adams,
   385 F.3d 236 (2d Cir. 2004) .................................................................. 16, 17

Gurrieri v. County of Nassau, 2:16-cv-6983 (ADS)(SIL),
   2017 WL 3432208 (E.D.N.Y. Aug. 9, 2017) ................................................ 7, 24, 26

Gym Door Repairs, Inc. v. Young Equip. Sales, Inc., No. 15-cv-4244 (JGK),
   2017 WL 933103 (S.D.N.Y. Mar. 8, 2017) ......................................................... 8, 9

Hampshire Props. v. BTA Bldg. & Developing, Inc.,
   122 A.D.3d 573 (2d Dep't 2014) .................................................................... 21

Hardy v. N.Y.C. Health & Hosp. Corp.,
   164 F.3d 789 (2d Cir. 1999) ........................................................................ 24

Harris v. Forklift Sys., Inc.,
   510 U.S. 17 (1993) .................................................................................. 14

Hart v. Rick's Cabaret Int'l, Inc.,
   967 F. Supp. 2d 901 (S.D.N.Y. 2013) ............................................................... 11

Henneberger v. County of Nassau,
   465 F. Supp. 2d 176 (E.D.N.Y. 2006) ............................................................... 26

Herlihy v. City of New York, No. 06 CV 407(SJ)(RML),
   2007 WL 1062593 (E.D.N.Y. Mar. 30, 2007) ....................................................... 25

Hernandez v. Int'l Shoppes, LLC,
   100 F. Supp. 3d 232 (E.D.N.Y. 2015) ............................................................... 14

Hinds Cty., Miss. v. Wachovia Bank N.A.,
   620 F. Supp. 2d 499 (S.D.N.Y. 2009) ............................................................... 18

Howell v. N.Y. Post Co., Inc.,
   81 N.Y.2d 115 (1993) ............................................................................... 18

IKB Int'l S.A. v. Bank of Am. Corp.,
   584 F. App'x 26 (2d Cir. 2014) ..................................................................... 18

Ippolito v. City of Buffalo,
   195 A.D.2d 983 (4th Dep't 1993) ................................................................... 26

Jean-Louis v. Am. Airlines, No. 08-CV-3898 (FB),
    2010 WL 3023943 (E.D.N.Y. July 30, 2010) ...................................................... 19, 20

Jenn-Ching Luo v. Baldwin Union Free Sch. Dist., No. 12-CV-6054 (JS)(AKT),
    2013 WL 4719090 (E.D.N.Y. Sept. 3, 2013) ............................................................ 14

Kadden v. VisuaLex, LLC,
    910 F. Supp. 2d 523 (S.D.N.Y. 2012) ...................................................................... 10

Kassapian v. City of New York,
    155 A.D.3d 851 (2d Dep't 2017) .............................................................................. 25

Kassner v. 2nd Ave. Delicatessen Inc.,
    496 F.3d 229 (2d Cir. 2007) .................................................................................... 14

Klein v. Zugabie, No. 15 Civ. 9093 (NSR),
    2017 WL 374733 (S.D.N.Y. Jan. 24, 2017) ............................................................ 21

Kranz v. Town of Tusten,
    236 A.D.2d 675 (3d Dep't 1997) .............................................................................. 25

L.I. Head Start Child Dev. Servs., Inc. v. Econ. Opportunity Comm'n of Nassau Cty., Inc.,
    710 F.3d 57 (2d Cir. 2013) ...................................................................................... 17

L.K. v. Sewanhaka Cent. High Sch. Dist., 14 CV 5730 (DRH) (AKT),
    2015 WL 12964663 (E.D.N.Y. July 16, 2015) ........................................................ 25

Lamothe v. Town of Oyster Bay, No. 08-cv-2078 (ADS)(AKT),
    2011 WL 4974804 (E.D.N.Y. Oct. 19, 2011) .......................................................... 22

Lauer v. City of New York,
    240 A.D.2d 543 (2d Dep't 1997) .............................................................................. 18

Litvinoff v. Wright,
    150 A.D.3d 714 (2d Dep't 2017) .............................................................................. 19

Llolla v. Karen Gardens Apartment Corp., 12-CV-1356 (MKB)(JO),
    2014 WL 1310311 (E.D.N.Y. Mar. 4, 2014) .............................................................. 6

Lobosco v. N.Y. Tel. Co./NYNEX,
    96 N.Y.2d 312 (2001) .............................................................................................. 22

Lundy v. Catholic Health Sys. of Long Island Inc.,
    711 F.3d 106 (2d Cir. 2013) .................................................................................... 12

Lyndaker v. Bd. of Educ. of W. Canada Valley Cent. Sch. Dist.,
129 A.D.3d 1561 (4th Dep't 2015) ............................................................. 8, 17, 19, 23

Manon v. Pons,
131 F. Supp. 3d 219 (S.D.N.Y. 2015) ........................................................... 25

Mark Bruce Int'l Inc. v. Blank Rome, LLP,
60 A.D.3d 550 (1st Dep't 2009) .................................................................. 22

Martinez v. Bloomberg LP,
883 F. Supp. 2d 511 (S.D.N.Y. 2012) ........................................................... 13

Mazzilli v. City of New York,
154 A.D.2d 355 (2d Dep't 1989) .................................................................. 26

McCulloch v. Bd. of Trs. of SEIU Affiliates Officers & Emps. Pension Plan,
14 Civ. 9348 (PGG), 2016 WL 9022578 (S.D.N.Y. Mar. 31, 2016) .................................. 15, 16

McLaughlin v. Richland Shoe Co.,
486 U.S. 128 (1988) .............................................................................. 5

McLean v. City of New York,
12 N.Y.3d 194 (2009) ............................................................................ 21

Mon v. City of New York,
78 N.Y.2d 309 (1991) ............................................................................ 21

Monell v. Dep't of Soc. Servs. of City of N.Y.,
436 U.S. 658 (1978) ............................................................................. 14

Montoya v. ING Life Ins. & Annuity Co.,
653 F. Supp. 2d 344 (S.D.N.Y. 2009) ............................................................. 17

Moore v. Middletown Enlarged City Sch. Dist.,
57 A.D.3d 746 (2d Dep't 2008) ................................................................... 25

Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc.,
723 F.3d 192 (2d Cir. 2013) ..................................................................... 12

Napoleoni v. N.Y.C. Dep't of Parks & Recreation, 18-CV-2578 (MKB),
2018 WL 3038502 (E.D.N.Y. June 18, 2018) ....................................................... 14

Neary v. Gruenberg,
730 F. App'x 7 (2d Cir. 2018) ................................................................... 14

Niewoit v. City of Middletown,
 78 A.D.3d 948 (2d Dep't 2010) .................................................................. 26

Notaro v. Giambra, No. 02-CV-240S,
 2004 WL 1873754 (W.D.N.Y. Aug. 19, 2004) ........................................... 7

Olorode v. Streamingedge, Inc., No. 11 Civ. 6934(GBD)(AJP),
 2014 WL 1689039 (S.D.N.Y. Apr. 29, 2014) .............................................. 11

Olorode v. Streamingedge, Inc., No. 11 Civ. 6934(GBD)(AJP),
 2014 WL 3974581 (S.D.N.Y. Aug. 13, 2014) ....................................... 10, 11

O'Brien v. Cty. of Nassau,
 164 A.D.3d 684 (2d Dep't 2018) ................................................................. 8

Pac. M. Int'l Corp. v. Raman Int'l Gems, Ltd.,
 888 F. Supp. 2d 385 (S.D.N.Y. 2012) ......................................................... 19

Paese v. Hartford Life & Accident Ins. Co.,
 449 F.3d 435 (2d Cir. 2006) ........................................................................ 15

Pani v. Empire Blue Cross Blue Shield,
 152 F.3d 67 (2d Cir. 1998) .......................................................................... 5

Pappas v. Tzolis,
 20 N.Y.3d 228 (2012) .................................................................................. 19

Payne v. POMCO Grp., No. 10 Civ. 7285(BSJ),
 2011 WL 4576545 (S.D.N.Y. Sept. 30, 2011) ............................................. 16

Pell v. Pall Corp., No. CV 07-92,
 2007 WL 2445217 (E.D.N.Y. Aug. 20, 2007) ............................................. 17

Pichardo v. N.Y.C. Dep't of Educ.,
 99 A.D.3d 606 (1st Dep't 2012)................................................................... 8

Pileckas v. Trzaskos,
 126 A.D.2d 926 (3d Dep't 1987) ................................................................. 8

Preacely v. AAA Typing & Resume, Inc., No. 12 Civ. 1361(AT)(RLE),
 2015 WL 1266852 (S.D.N.Y. Mar. 18, 2015) ............................................. 6

Pruell v. Caritas Christi,
 678 F.3d 10 (1st Cir. 2012) .......................................................................... 13

Ramos v. Bd. of Educ. of City of N.Y.,
  148 A.D.3d 909 (2d Dep't 2017) ................................................................. 25

Rather v. CBS Corp.,
  68 A.D.3d 49 (1st Dep't 2009)..................................................................... 19

Reiseck v. Univ. Commc'ns of Miami, Inc.,
  591 F.3d 101 (2d Cir. 2010)......................................................................... 10

Reynolds v. de Silva, No. 09 Civ. 9218(CM),
  2010 WL 743510 (S.D.N.Y. Feb. 24, 2010) ............................................... 24

Roelcke v. Zip Aviation, LCC, No. 15 Civ. 6284 (DAB),
  2018 WL 1792374 (S.D.N.Y. Mar. 26, 2018) .................................... passim

Roth v. Jennings,
  489 F.3d 499 (2d Cir. 2007).......................................................................... 5

Rusk v. N.Y. State Thruway Auth.,
  37 F. Supp. 3d 578 (W.D.N.Y. 2014) .......................................................... 23

Ruston v. Town Bd. for Town of Skaneateles,
  610 F.3d 55 (2d Cir. 2010)........................................................................... 14

Sandpebble Builders, Inc. v. Mansir,
  90 A.D.3d 888 (2d Dep't 2011) ..................................................................... 8

Santangelo v. City of New York, No. 16-CV-5604 (PKC) (LB),
  2017 WL 4357335 (E.D.N.Y. Sept. 29, 2017)............................................. 23

Santiago v. C.O. Campisi Shield #4592, No. 97CIV0418PKL,
  2000 WL 565198 (S.D.N.Y. May 8, 2000)................................................... 23

Sarro v. Bank of Am., 16-cv-5066(ENV)(ST),
  2018 WL 4119208 (E.D.N.Y. Aug. 29, 2018) ............................................. 17

Schutty v. Speiser Krause P.C.,
  86 A.D.3d 484 (1st Dep't 2011).................................................................. 19

Scuteri v. City of New York, No. 15-cv-05082-FB-LB,
  2017 WL 4181419 (E.D.N.Y. Sept. 20, 2017)............................................... 7

Seabury v. City of New York, No. 06-CV-1477 (NGG),
  2006 WL 1367396 (E.D.N.Y. May 18, 2006)............................................... 24

Seifullah v. City of New York,
    161 A.D.3d 1206 (2d Dep't 2018) ....................................................................... 25

Sethi v. Narod,
    974 F. Supp. 2d 162 (E.D.N.Y. 2013) ............................................................. 9, 10

Shahid v. City of New York,
    144 A.D.3d 1127 (2d Dep't 2016) ..................................................................... 18

Sharkey v. J.P. Morgan Chase & Co., No. 10 Civ. 3824,
    2011 WL 135026 (S.D.N.Y. Jan. 14, 2011) ....................................................... 22

Sharma v. Burberry Ltd.,
    52 F. Supp. 3d 443 (E.D.N.Y. 2014) ................................................................... 5

Sherman v. Cty. Of Suffolk,
    71 F. Supp. 3d 332 (E.D.N.Y. 2014) ................................................................. 14

Silverman v. City of New York, No. 98-CV-6277,
    2001 WL 218943 (E.D.N.Y. Feb. 2, 2001) ....................................................... 23

Sira v. Morton,
    380 F.3d 57 (2d Cir. 2004) ................................................................................. 5

Skeene v. City of New York, No. 14-cv-6054 (ENV) (CLP),
    2016 WL 927182 (E.D.N.Y. Mar. 7, 2016) ......................................................... 8

Smith v. City of New York,
    130 F. Supp. 3d 819 (S.D.N.Y. 2015) ................................................................. 8

Soules v. Conn., Dep't of Emergency Servs. & Publ. Prot.,
    882 F.3d 52 (2d Cir. 2018) ................................................................................. 7

Springer v. U.S. Bank Nat'l Ass'n, 15-cv-1107(JGK),
    2015 WL 9462083 (S.D.N.Y. Dec. 23, 2015) ................................................... 24

T.P. ex rel. Patterson v. Elmsford Union Free Sch. Dist., No. 11 CV 5133(VB),
    2012 WL 5992748 (S.D.N.Y. Nov. 27, 2012) ......................................... 17, 18, 26

Tango v. Tulevich,
    61 N.Y.2d 34 (1983) ......................................................................................... 21

Tanvir v. N.Y.C. Health & Hosps. Corp.,
    480 F. App'x 620 (2d Cir. 2012) ........................................................................ 6

Thomas v. City of Oneonta,
   90 A.D.3d 1135 (3d Dep't 2011) ............................................................................ 8

Thompson v. City of White Plains, No. 13-cv-6602 (NSR),
   2015 WL 4597433 (S.D.N.Y. July 29, 2015) ......................................................... 8

Tierney v. Omnicom Grp. Inc., No. 06 Civ. 14302(LTS)(THK),
   2007 WL 2012412 (S.D.N.Y. July 11, 2007) ........................................................ 23

Tuckett v. Slade Indus., Inc., 1:16-cv-4081-GHW,
   2018 WL 3910821 (S.D.N.Y. Aug. 14, 2018) ....................................................... 20

Valdez v. City of New York,
   18 N.Y.3d 69 (2011) ............................................................................................... 21

Velez v. City of New York,
   730 F.3d 128 (2d Cir. 2013) ............................................................................ 20, 21

Vessa v. City of White Plains, No. 12-CV-6989 (ER),
   2014 WL 1271230 (S.D.N.Y. Mar. 27, 2014) .................................................. 2, 3, 4

Williams v. Williams,
   149 A.D.3d 1145 (2d Dep't 2017) ......................................................................... 24

World Ambulette Transp., Inc. v. Kwan Haeng Lee,
   161 A.D.3d 1028 (2d Dep't 2018) ......................................................................... 18

Wurtzburger v. Koret, No. 16-CV-7897 (KMK),
   2018 WL 2209507 (S.D.N.Y. May 18, 2018) .......................................................... 7

Zito v. N.Y.C. Office of Payroll Admin.,
   130 A.D.3d 1326 (3d Dep't 2015) ......................................................................... 25

## STATUTES

29 U.S.C. § 203(a) .......................................................................................................... 11

29 U.S.C. § 203(d) .......................................................................................................... 11

29 U.S.C. § 203(e)(1) ...................................................................................................... 11

29 U.S.C. § 213(a)(1) ........................................................................................................ 9

29 U.S.C. § 213(a)(17) ........................................................................................... 9, 10, 11

29 U.S.C. § 260 ............................................................................................................ 13

29 U.S.C. § 1002(32) .................................................................................................... 17

29 U.S.C. § 1003(a)(1) .................................................................................................. 16

29 U.S.C. § 1132(a)(1) .................................................................................................. 17

N.Y. Educ. Law § 1709 ................................................................................................. 14

N.Y. Educ. Law § 3813(1) ...................................................................................... 24, 26

N.Y. Educ. Law § 3813(2) ........................................................................................ 7, 24

N.Y. Educ. Law § 3813(2-b) ........................................................................................... 7

N.Y. Exec. Law § 296(1)(a) .......................................................................................... 17

N.Y. Gen. Mun. Law § 50-h ............................................................................................ 2

N.Y. Gen. Mun. Law § 50-e ...................................................................................... 7, 24

N.Y. Gen. Mun. Law § 50-i .................................................................................... 7, 8, 24

N.Y. Labor Law § 651(5) ............................................................................................... 11

N.Y. Labor Law § 663(1) ............................................................................................... 13

N.Y. Workers' Comp. Law § 29(6) ............................................................................... 19

New York Civil Service Law § 75 ................................................................................. 23

**RULES**

Fed. R. Civ. P. 4(m) ........................................................................................................ 3

Fed. R. Civ. P. 9(b) ....................................................................................................... 18

**REGULATIONS**

12 N.Y.C.R.R. § 142-2.14(c)(4) .................................................................................... 10

12 N.Y.C.R.R. § 142-2.2 ............................................................................................... 10

29 C.F.R. § 541.200(a)(1)-(3) ............................................................................... 9

29 C.F.R. § 541.300(a)(2) ..................................................................................... 9

29 C.F.R. § 541.400 ............................................................................................... 9

29 C.F.R. § 541.708 ............................................................................................. 10

## PRELIMINARY STATEMENT

Plaintiff, who was a former computer consultant to the Massapequa Union Free School District ("the District"), filed this action asserting numerous claims alleging he was deprived overtime pay and employment benefits and terminated on the basis of age and disability.  All of plaintiff's claims, however, are time-barred and he failed to administratively exhaust his discrimination claims.  Also, as a computer professional, plaintiff was exempt from federal and state overtime requirements.  Moreover, his conclusory allegations are insufficient to state a plausible claim and survive a motion to dismiss.  This action should be dismissed in its entirety.

## STATEMENT OF FACTS[1]

Plaintiff alleges that in 2001, the District hired him as a Network Systems Engineer to help update the District's technology and expand its technology footprint.  (Ex. A ¶¶ 7, 16, 17.)  He claims that, when he was hired, he was told he was a District employee and would receive benefits.  (Id. ¶¶ 7, 16, 25.)  Plaintiff worked in a District building, used District equipment, and District employees supervised and managed his daily activities.  (Id. ¶¶ 18-19.)

Plaintiff did not have an employment contract with the District.  (See generally id.) Rather, the District contracted with BOCES and CCSI for information technology (IT) consulting services.  (Id. ¶ 1.)  According to that referenced contract, BOCES contracted with CCSI to provide various IT services to the District and other participating school districts.  (Ex. B.)[2]  The parties agreed that "consultant [CCSI] shall operate and have the status of an independent contractor and Consultant, its officers, employees, and agents shall not act as or be an agent, partner, joint venture

---

[1] This statement of facts is based on plaintiff's allegations and documents referenced in his complaint.  Defendants assume the truth of plaintiff's allegations only for purposes of this motion.

[2] The Court can properly consider the contract because it is a publicly available document and referenced in paragraph 1 of the complaint.

or employee of NASSAU BOCES or any school district or municipality participating in the Agreement and shall not bind NASSAU BOCES or any school district or municipality to any contract or agreement." (Id. at p. 5.)  The contract states, "Consultant, its officers, employees, and agents shall not, by virtue of this Agreement or their performance of services hereunder or otherwise be entitled to Workmen's Compensation Insurance *or other insurance coverage* provided by NASSAU BOCES or any participating school district or municipality . . . . Additionally, Consultant is and shall be solely responsible for all taxes, withholdings *and other statutory or contractual obligations of any sort* related to the performance of services hereunder or otherwise, by its officers, employees and agents . . . ." (Id.) (emphasis added.)

Plaintiff provided IT consulting services, systems integration, and on-going maintenance and support relating to the District's computer technology systems. (Id. at pp. 8-9.)  Some of his duties included, *inter alia*, installing, testing, programming, and configuring computer networks, hardware, and software; troubleshooting and supporting end-users; resolving complex computer problems; maintaining complex IT computer networks and operating systems; maintaining system data backup; analyzing existing technology and design and develop new systems to existing technology architectures; developing functional and design specifications; and maintaining network security and disaster recovery, etc. (Id. at pp. 8-12.)  Plaintiff testified at his N.Y. Gen. Mun. Law § 50-h examination that his duties included "[n]etwork maintenance, server maintenance, desktop systems . . . [p]rinters, anything IT related", and working with various computer programs. (Ex. C at pp. 29, 38-39, 56-58, 71-72.)[3]

---

[3] The Court can consider plaintiff's testimony because the 50-h hearing is referenced in the complaint. (Ex. A ¶ 12.) Vessa v. City of White Plains, No. 12-CV-6989 (ER), 2014 WL 1271230, at *4 n.11 (S.D.N.Y. Mar. 27, 2014) (considering 50-h transcript that "was explicitly referenced in the complaint").

Plaintiff claims that in 2006, he incorporated at his supervisor's request in order to remain a District employee.  (Ex. A ¶¶ 26-27, 30.)  Since that time, plaintiff received his paychecks from BOCES.  (Id. ¶¶ 26, 31.)

In 2007, District employee Robert Schilling became plaintiff's supervisor.  (Id. ¶ 34.) Plaintiff claims Schilling favored younger employees and assigned plaintiff low-level projects. (Id. ¶ 35.)  The complaint does not mention plaintiff's age.  (See generally id.)

In June 2014, Schilling reduced plaintiff's pay after plaintiff informed him that he had cancer.  (Id. ¶¶ 36, 54.)  Plaintiff agreed to the salary reduction in order to maintain his health insurance.  (Id.)  In July 2015, Schilling again reduced plaintiff's salary to approximately $77,000. (Id. ¶¶ 37, 54; Ex C at pp. 62-63.)  On January 8, 2016, Schilling fired plaintiff and replaced him with a younger employee.  (Ex. A ¶¶ 24, 38, 40, 55.)

Plaintiff claims he never received a negative performance review.  (Id. ¶¶ 22, 39.)  He vaguely alleges he worked more than 40-hour work weeks since he was hired, but was never paid overtime or benefits.  (Id. ¶¶ 20, 46, 59.)  Plaintiff claims he learned he had not received any benefits when he was fired.  (Id. ¶ 25.)

## PROCEDURAL HISTORY

On March 28, 2016, plaintiff served a notice of claim against the District.  (Id. ¶ 11; Ex. D.)  He does not claim he filed a charge of discrimination with the EEOC.  (See generally id.)

On March 8, 2017, plaintiff filed a prior federal action based on the same facts and asserting the same claims as this current action.  (See Silverstein v. Massapequa Union Free Sch. Dist., et al., No. 17-cv-1328 (DRH)(SIL).)  On May 31 2018, Judge Hurley dismissed that action under Fed. R. Civ. P. 4(m).  (Id., Docket Entry No. 5.)

On March 28, 2018, plaintiff re-filed this action in state court.  (E.D.N.Y. Docket Entry No. 1.)  On August 1, 2018, defendants removed the case to this Court.  (Id.)

## STANDARD OF REVIEW

The pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Mere "labels and conclusions" or "naked assertion[s]" devoid of "further factual enhancement" do not suffice.  Id. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007)).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, fail to state a claim.  Id. (citing Twombly, 550 U.S. at 555).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"  Id.  (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id. (citing Twombly, 550 U.S. at 556).  The complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.  To meet this standard, plaintiff must "nudge[ ] their claims across the line from conceivable to plausible."  Id. at 570.

In deciding a motion to dismiss, courts may properly consider the allegations of the complaint and documents attached to it or incorporated in it by reference, documents that are "integral to the complaint and relied upon in it," documents of which plaintiff has knowledge or

4

possession and relied on in framing the complaint, and matters of public record of which judicial notice may be taken.  Roth v. Jennings, 489 F.3d 499, 509 (2d Cir. 2007); Sira v. Morton, 380 F.3d 57, 67 (2d Cir. 2004); Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 75 (2d Cir. 1998); Ahmed v. Town of Oyster Bay, 7 F. Supp. 3d 245, 253 (E.D.N.Y. 2014).  As set forth below, plaintiff's allegations in conjunction with documents the Court can consider demonstrate plaintiff failed to state any viable claims against the District.

## ARGUMENT

### POINT I

### PLAINTIFF'S CLAIMS ARE TIME-BARRED

All of plaintiff's claims accrued, at the latest, on January 8, 2016 when he stopped consulting for the District.  (Ex. A ¶ 40.)  Plaintiff, however, did not file this action until March 28, 2018.  (Ex. A.)  The applicable statutes of limitations bar his claims.

**FLSA**

The FLSA provides a two-year statute of limitations for non-willful violations, and a three-year limitations period for willful violations.  Sharma v. Burberry Ltd., 52 F. Supp. 3d 443, 461 (E.D.N.Y. 2014); Roelcke v. Zip Aviation, LCC, No. 15 Civ. 6284 (DAB), 2018 WL 1792374, at *14 (S.D.N.Y. Mar. 26, 2018).[4]  "An employer willfully violates the FLSA only if it 'either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute.'"  Clarke, 2010 WL 1379778, at *10 (quoting McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988)).  Reckless disregard involves actual knowledge of a legal requirement and a deliberate disregard of the risk that one is in violation.  Id.; El v. Potter, No. 01 Civ. 6125(RWS), 2004 WL 2793166, at *5 (S.D.N.Y. Dec. 6, 2004) ("Willfulness cannot be found where the employer acted

---

[4] The continuing violation doctrine does not apply to FLSA overtime claims.  Franklin v. N.Y. Law Publ'g Co., No. 95 Civ. 1024 (JSM), 1995 WL 408390, at *1-3 (S.D.N.Y. July 11, 1995).

negligently or assumed in good faith, but incorrectly, that its conduct complied with the FLSA.")
"A willful violation requires more than mere negligence." Id.  An employer does not "willfully"
violate the FLSA even if it acted unreasonably.  Id.

As plaintiff filed this complaint more than two years after he was fired and he failed to
plausibly allege the District acted willfully, his FLSA claims are time-barred.  His conclusory
allegation that defendants acted willfully is insufficient to save his expired claim.  Llolla v. Karen
Gardens Apartment Corp., 12-CV-1356 (MKB)(JO), 2014 WL 1310311, at *4 (E.D.N.Y. Mar. 4,
2014) (explaining conclusory allegations "do not suffice, without more, to establish the
defendants' willfulness"); Day An Zhang v. L.G. Apparel Inc., No. 09-CV-3240 (KAM), 2011
WL 900183, at *4 (E.D.N.Y. 2011) (holding plaintiff's "conclusory assertions" that defendants
"knowingly and willfully violated the FLSA and New York labor laws" were "insufficient to
establish that defendants acted willfully so as to extend the limitations period from two to three
years"); Preacely v. AAA Typing & Resume, Inc., No. 12 Civ. 1361(AT)(RLE), 2015 WL
1266852, at *2 (S.D.N.Y. Mar. 18, 2015) (citing cases).  Moreover, the fact that plaintiff performed
the duties of an exempt computer professional (as analyzed below) undermine any plausible
inference that defendants acted in reckless disregard of FLSA requirements as opposed to
mistakenly, negligently, or even unreasonably.  This claim is time-barred.[5]

**ADEA/ADA**

Plaintiff failed to timely exhaust administrative remedies with regard to his discrimination
claims.  "Exhaustion of administrative remedies through the EEOC is an essential element of the
Title VII and ADEA statutory schemes and, as such, a precondition to bringing such claims in
federal court."  Tanvir v. N.Y.C. Health & Hosps. Corp., 480 F. App'x 620, 621 (2d Cir. 2012).

---

[5] If the Court finds plaintiff plausibly alleged willful violations, the claim is still partly time-barred and should be
limited to the period of March 28, 2015 to January 8, 2016 when he ceased doing work for the District.

This exhaustion requirement also applies to ADA claims.  Soules v. Conn., Dep't of Emergency Servs. & Publ. Prot., 882 F.3d 52, 57 (2d Cir. 2018).  Under the ADEA and ADA, plaintiff was required to file a charge of discrimination with the EEOC within (at most) 300 days after the alleged unlawful practice.  Wurtzburger v. Koret, No. 16-CV-7897 (KMK), 2018 WL 2209507, at *4 (S.D.N.Y. May 18, 2018) (ADEA); Dudley v. N.Y.C. Hous. Auth., 14 Civ. 5116 (PGG), 2017 WL 4315010, at *17 (E.D.N.Y. Sept. 25, 2017); Scuteri v. City of New York, No. 15-cv-05082-FB-LB, 2017 WL 4181419, at *4 (E.D.N.Y. Sept. 20, 2017) (ADA).  Plaintiff's failure to exhaust administrative remedies by timely filing a charge with the EEOC requires dismissal.

**State Law Claims**

All of plaintiff's state law claims are time-barred.  N.Y. Education Law provides, "no action or special proceeding shall be commenced against any [school district] more than one year after the cause of action arose . . . ." N.Y. Educ. Law § 3813(2-b).  The Education Law separately provides a slightly longer one-year and ninety-day statute of limitations for tort claims against a school district.  N.Y. Educ. Law § 3813(2); N.Y. Gen. Mun. Law § 50-i(1).  As plaintiff filed this action more than two years after he ceased providing services to the District all of his state law claims are time-barred regardless of which provision of the Education Law applies.

Statutory causes of action under New York Labor Law are subject to the Education Law's one-year statute of limitations.  Regardless, it is time-barred even if given an extra 90 days.  See Gurrieri v. County of Nassau, 2:16-cv-6983 (ADS)(SIL), 2017 WL 3432208, at *7-9 (E.D.N.Y. Aug. 9, 2017) (applying N.Y. Gen. Mun. Law §§ 50-e, 50-i requirements to Labor Law overtime claim); Flynn v. N.Y.C. Bd. of Educ., No. 00 CIV. 3775(LAP), 2002 WL 31175229, at *9-10 (S.D.N.Y. Sept. 30, 2002) (applying Education Law § 3813 to Labor Law claim); Notaro v.

Giambra, No. 02-CV-240S, 2004 WL 1873754, at *5 (W.D.N.Y. Aug. 19, 2004) (applying N.Y. Gen. Mun. § 50-i statute of limitations to Labor law claim).

All of plaintiff's other state law claims are subject to these shortened statutes of limitations and should be dismissed as time-barred.  See Amorosi v. S. Colonie Indep. Cent. Sch. Dist., 9 N.Y.3d 367, 373, (2007) (one-year statute of limitations for employment discrimination claims against school districts); Thompson v. City of White Plains, No. 13-cv-6602 (NSR), 2015 WL 4597433, at *3 (S.D.N.Y. July 29, 2015) (one-year and 90-day statute of limitations for negligence); Skeene v. City of New York, No. 14-cv-6054 (ENV) (CLP), 2016 WL 927182, at *3 (E.D.N.Y. Mar. 7, 2016) (one-year and 90-day statute of limitations for intentional infliction of emotional distress); Pichardo v. N.Y.C. Dep't of Educ., 99 A.D.3d 606, 607 (1st Dep't 2012) (one-year and 90-day statute of limitations for negligent infliction of emotional distress); Smith v. City of New York, 130 F. Supp. 3d 819, 833 (S.D.N.Y. 2015) (one-year statute of limitations for breach of contract); Sandpebble Builders, Inc. v. Mansir, 90 A.D.3d 888, 889 (2d Dep't 2011) (one-year and 90-day statute of limitations for fraud); O'Brien v. Cty. of Nassau, 164 A.D.3d 684, 687 (2d Dep't 2018) (one-year and 90-day statute of limitations for fraudulent concealment); Lyndaker v. Bd. of Educ. of W. Canada Valley Cent. Sch. Dist., 129 A.D.3d 1561, 1563 (4th Dep't 2015) (one-year statute of limitations for unjust enrichment and breach of implied contract); Pileckas v. Trzaskos, 126 A.D.2d 926, 927 (3d Dep't 1987) (one-year and 90-day statute of limitations for conversion); Thomas v. City of Oneonta, 90 A.D.3d 1135, 1135-36  (3d Dep't 2011) (applying one-year statute of limitations for Civil Service Law claim); Gochberg v. Sovereign Apartments, Inc., 119 A.D.3d 431, 432 (1st Dep't 2014) (noting breach of fiduciary duty is a tort); Gym Door Repairs, Inc. v. Young Equip. Sales, Inc., No. 15-cv-4244 (JGK), 2017 WL 933103, at *5 (S.D.N.Y. Mar. 8, 2017) (noting civil conspiracy statute of limitations same as underlying tort).

## POINT II

### PLAINTIFF IS EXEMPT UNDER FLSA AND NY LABOR LAW

As a Network Systems Engineer, plaintiff is an exempt computer professional under the

FLSA and Labor Law.  The FLSA exempts from overtime requirements:

> any employee who is a computer systems analyst, computer
> programmer, software engineer, or other similarly skilled worker,
> whose primary duty is (A) the application of systems analysis
> techniques and procedures, including consulting with users, to
> determine hardware, software, or system functional specifications;
> (B) the design, development, documentation, analysis, creation,
> testing, or modification of computer systems or programs, including
> prototypes, based on and related to user or system design
> specifications; (C) the design, documentation, testing, creation, or
> modification of computer programs related to machine operating
> systems; or (D) a combination of duties described in subparagraphs
> (A), (B), and (C) the performance of which requires the same level
> of skills . . . .[6]

29 U.S.C. § 213(a)(17); 29 C.F.R. § 541.400; see also Sethi v. Narod, 974 F. Supp. 2d 162, 179-

80 (E.D.N.Y. 2013); Clarke v. JPMorgan Chase Bank, N.A., No. 08 Civ. 2400(CM)(DCF), 2010

WL 1379778, at *16 (S.D.N.Y. Mar. 26, 2010).  The FLSA also exempts "any employee employed

in a bona fide executive, administrative, or professional capacity . . . ."  29 U.S.C. § 213(a)(1).

This exemption also applies to computer employees.  29 C.F.R. § 541.400(a).[7]  Further,

"[e]mployees who perform a combination of exempt duties . . . for executive, administrative,

---

[6] Plaintiff also meets the compensation requirement as he had a yearly salary of $77,000.  Id.  (Ex. C at pp. 62-63.)

[7] The administrative exemption applies to employees whose "primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer" and "includes the exercise of discretion and independent judgment with respect to matters of significance."  29 C.F.R. § 541.200(a)(1)-(3).  The professional exemption applies to employees whose "primary duty is the performance of work [r]equiring knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction; or [r]equiring invention, imagination, originality or talent in a recognized field of artistic or creative endeavor."  29 C.F.R. § 541.300(a)(2).  The computer professional exemption under 213(a)(7) is broader as it eliminated requirement that an employee exercise independent judgment and discretion and reference to proficiency and educational requirements.  Clarke, 2010 WL 1379778, at *17.

professional, outside sales and computer employees may qualify for exemption." 29 C.F.R. § 541.708; Kadden v. VisuaLex, LLC, 910 F. Supp. 2d 523, 536 (S.D.N.Y. 2012).

New York Labor Law applies the same exemptions as the FLSA, including the computer employee exemption. 12 N.Y.C.R.R. § 142-2.2 ("An employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in and subject to the exemptions of sections 7 and 13 of 29 USC 201 *et seq.*"); see also Reiseck v. Univ. Commc'ns of Miami, Inc., 591 F.3d 101, 105 (2d Cir. 2010); Sethi, 974 F. Supp. 2d at 183-84 ("The NYLL borrows the computer employee exemption, 29 U.S.C. § 213(a)(17), directly from the FLSA.") (citing cases); Flood v. Just Energy Mktg. Corp., 7:15-cv-2012 (KBF), 2017 WL 280820, at *3 (S.D.N.Y. Jan. 20, 2017); Olorode v. Streamingedge, Inc., No. 11 Civ. 6934(GBD)(AJP), 2014 WL 3974581, at *2 (S.D.N.Y. Aug. 13, 2014) ("Both statutes apply exemptions from overtime requirements for employees who are statutorily defined as 'Computer Systems Analysts'"); Clarke, 2010 WL 1379778, at *15 ("Sankar was exempt from FLSA and NYLL overtime requirements under the computer employee exemption.").[8]

Plaintiff's job duties and own allegations and testimony demonstrate he was a computer professional exempt from overtime requirements. Plaintiff was admittedly hired as a Network Systems Engineer to help update the District's technology and expand its technology footprint. (Ex. A ¶¶ 7, 16, 17.) He provided IT consulting services, systems integration, and on-going maintenance and support relating to the District's computer technology systems, including network and server maintenance; installing, testing, programming, and configuring computer networks, hardware, and software; troubleshooting and supporting end-users; and resolving complex computer problems, among many other computer-related tasks. (Ex. B at pp. 8-12.) As

---

[8] New York Labor Law defines administrative and professional employees the same as the FLSA. 12 N.Y.C.R.R. § 142-2.14(c)(4).

plaintiff testified, his job was to do "anything IT related." (Ex. C at p. 38.) As plaintiff's own admissions demonstrate he is exempt under FLSA and Labor Law, these claims must be dismissed. Olorode v. Streamingedge, Inc., No. 11 Civ. 6934(GBD)(AJP), 2014 WL 1689039, at *22 (S.D.N.Y. Apr. 29, 2014) (holding Systems Support Analyst exempt because "it is clear that the primary purpose of Olorode's role was to provide critical network and software support to their client's brokers, and these duties are consonant with those of exempt computer employees described in § 213(a)(17)."), report and recommendation adopted, 2014 WL 3974581, at *2 (holding "Magistrate Judge Peck correctly concluded that Plaintiff was an exempt employee under FLSA and New York Labor Law."); Clarke, 2010 WL 1379778, at *17-21 (describing plaintiff's duties and holding he was exempt computer employee).

Additionally, plaintiff's allegations demonstrate he is not an "employee" as defined by FLSA and NY Labor Law. The FLSA states an "employee" is "any *individual* employed by an employer." 29 U.S.C. § 203(e)(1) (emphasis added). "'Employee' is defined nearly identically (and with equal circularity) in the FLSA and NYLL." Hart v. Rick's Cabaret Int'l, Inc., 967 F. Supp. 2d 901, 922 (S.D.N.Y. 2013); N.Y. Labor Law § 651(5) (defining employee as "any individual employed or permitted to work by an employer in any occupation"). Plaintiff alleges he incorporated in 2006 in order to remain employed. (Ex. A ¶ 26.) As a corporation is not an "employee," plaintiff cannot recover under the FLSA or Labor Law.[9]

---

[9] The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). "Person" is defined as "an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons." 29 U.S.C. § 203(a). "Employee," however, is defined only as an "individual" and omits any reference to "person" or "corporation."

## POINT III

## PLAINTIFF FAILED TO STATE ANY PLAUSIBLE CLAIM

Additionally, plaintiff failed to allege a plausible claim under either federal or state law.

**FLSA/Labor Law**

Plaintiff failed to state a plausible FLSA claim.  Recent Second Circuit decisions have held FLSA plaintiffs must plead specifics to state a claim.  The Court of Appeals has held that "to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours."  Lundy v. Catholic Health Sys. of Long Island Inc., 711 F.3d 106, 114 (2d Cir. 2013).  The Circuit further held that an FLSA plaintiff must allege "sufficient detail about the length and frequency" of unpaid work in order to support "a reasonable inference" that he "worked more than 40 hours in a given week." Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc., 723 F.3d 192, 201 (2d Cir. 2013).  The Second Circuit has since stated that "some factual context" is required to nudge an FLSA claim from conceivable to plausible.  DeJesus v. HF Mgmt. Servs., LLC, 726 F.3d 85, 88-90 (2d Cir. 2013).  This pleading burden also applies to Labor Law claims.  Id. at 89 n.5.

Here, plaintiff alleges only that he "worked over forty (40) hour work weeks since Plaintiff was hired by the District" in 2001, "but never received overtime compensation from the District or any other entity."  (Ex. A ¶¶ 20, 46.)  This is exactly the "bare-bones complaint" the DeJesus Court condemned as insufficient to survive dismissal.  DeJesus, 726 F.3d at 89 ("[Plaintiff] alleged only that in 'some or all weeks' she worked more than 'forty hours' a week without being paid "1.5" times her rate of compensation, no more than rephrasing the FLSA's formulation specifically set forth in section 207(a)(1).  Whatever the precise level of specificity that was required of the complaint, DeJesus at least was required to do more than replead the language of the statute.")

(agreeing with <u>Pruell v. Caritas Christi</u>, 678 F.3d 10, 12-13 (1st Cir. 2012) (holding allegation that plaintiffs "regularly worked" more than forty hours a week and were not properly compensated was "one of those borderline phrases" that while not stating an "ultimate legal conclusion," was "nevertheless so threadbare or speculative that [it] fail[ed] to cross the line between the conclusory and the factual" and was "too meager, vague, or conclusory" to survive a motion to dismiss).

Plaintiff also failed to plausibly state a claim for liquidated/punitive damages under FLSA and Labor Law.  Under the FLSA. liquidated damages are not recoverable where an employer acted in good faith and reasonably believed it did not violate the FLSA.  29 U.S.C. § 260; <u>Bosoro v. Am. Comprehensive Healthcare Med. Grp., P.C.</u>, No. 14-CV-1099 (ENV), 2015 WL 5676679, at *6 (E.D.N.Y. Aug. 31, 2015), <u>report and recommendation adopted</u>, No. 14-CV-1099 (ENV)(SMG), 2015 WL 5686481 (E.D.N.Y. Sept. 25, 2015).   Similarly, N.Y. Labor Law precludes liquidated damages if the employer demonstrates a good faith basis to believe its underpayment of wages complied with the law.  N.Y. Labor Law § 663(1).  Plaintiff's job duties as Network Systems Engineer demonstrate it was reasonable for the District to believe he was exempt from overtime requirements, rendering a claim for liquidated damages implausible.

## <u>ADEA/ADA</u>

Plaintiff failed to allege a prima facie discrimination claim.[10]  To plead a prima facie age discrimination claim, plaintiff must allege he was within the protected age group, he was qualified for the position, he suffered an adverse action under circumstances giving rise to an inference of discrimination, and age was the "but for" cause of the adverse action.  <u>Braun v. Adm'rs for the Professions, Inc.</u>, 2:17-cv-4055 (DRH)(AKT), 2018 WL 3597504, at *6 (E.D.N.Y. July 26, 2018);

---

[10] Plaintiff references the Equality Act, which is "the English analogue to the ADA, the NYSHRL, and the NYCHRL." <u>Martinez v. Bloomberg LP</u>, 883 F. Supp. 2d 511, 517 (S.D.N.Y. 2012), <u>aff'd</u>, 740 F.3d 211 (2d Cir. 2014).  It is not applicable here.

Napoleoni v. N.Y.C. Dep't of Parks & Recreation, 18-CV-2578 (MKB), 2018 WL 3038502, at *3

(E.D.N.Y. June 18, 2018).  For a disability discrimination claim, plaintiff must allege his employer

is subject to the ADA, he was disabled, he was qualified for the position, and he suffered an adverse

action because of his disability.  Hernandez v. Int'l Shoppes, LLC, 100 F. Supp. 3d 232, 256

(E.D.N.Y. 2015).[11]  Conclusory allegations are insufficient to state a claim.  Braun, 2018 WL

3597504, at *6 (dismissing conclusory discrimination claims). Plaintiff failed to allege he was

within the protected age group and any facts showing the District is subject to the ADA.

To state a plausible hostile work environment claim under the ADA and ADEA, plaintiff

must allege facts showing the workplace is "permeated with discriminatory intimidation, ridicule,

and insult sufficiently severe or pervasive to alter the conditions of the victim's employment," and

that such environment is because the plaintiff's gender and/or disability.  Kassner v. 2nd Ave.

Delicatessen Inc., 496 F.3d 229, 240 (2d Cir. 2007) (ADEA); Giambattista v. Am. Airlines, Inc.,

5 F. Supp. 3d 284, 294 (E.D.N.Y. 2014) (ADA), aff'd, 584 F. App'x 23 (2d Cir. 2014); Roelcke,

2018 WL 1792374, at *6 (state Human Rights Law).  In determining whether a work environment

is hostile, courts consider the frequency and severity of discriminatory conduct, whether it is

physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably

interferes with an employee's work performance.  Harris v. Forklift Sys., Inc., 510 U.S. 17, 23

(1993).  The complaint fails to allege severe and pervasive discriminatory conduct necessary to

support this claim.[12]  Kassner, 496 F.3d at 241 (dismissing conclusory hostile work environment

claim); Braun, 2018 WL 3597504, at *7 (same).

---

[11] Some courts in this Circuit have held that "but for" causation applies to ADA claims.  Sherman v. Cty. Of Suffolk, 71 F. Supp. 3d 332, 349 (E.D.N.Y. 2014).

[12] Though plaintiff does not specifically invoke the Equal Protection Clause, to the extent the Court construes the complaint as asserting an equal protection claim, it fails to state a plausible claim.  Because neither age nor disability is a suspect class and there is no fundamental right to government employment, plaintiff is limited to a class-of-one claim.  Neary v. Gruenberg, 730 F. App'x 7, 9-10 (2d Cir. 2018) (noting age not suspect class); Jenn-Ching Luo v.

**Denial of Benefits**

Though plaintiff claims he was denied benefits, he does not allege a statutory basis for his claim. To the extent plaintiff invokes ERISA, he fails to state a plausible claim.

Plaintiff failed to exhaust administrative remedies. "There is a firmly established federal policy favoring exhaustion of administrative remedies in ERISA cases." McCulloch v. Bd. of Trs. of SEIU Affiliates Officers & Emps. Pension Plan, 14 Civ. 9348 (PGG), 2016 WL 9022578, at *4 (S.D.N.Y. Mar. 31, 2016), aff'd, 686 F. App'x 68 (2d Cir. 2017) (internal quotation marks omitted) (quoting Paese v. Hartford Life & Accident Ins. Co., 449 F.3d 435, 445 (2d Cir. 2006)). To satisfy this requirement, plaintiff was "required to utilize all administrative remedies provided by the retirement plan." Id. (citation omitted). As most challenges to the denial of benefits are made under a plan's administrative review procedures, failure to exhaust those remedies requires dismissal. Diamond v. Local 807 Labor-Mgmt. Pension Fund, No. 12-CV-5559 (RRM)(VVP), 2014 WL 527898, at *5 (E.D.N.Y. Feb. 7, 2014), aff'd, 595 F. App'x 22 (2d Cir. 2014).

"Courts uniformly require exhaustion for claims based on violations of contractual rights protected by ERISA, such as a denial of benefits." Id. at *6 (alterations omitted); McCulloch, 2016 WL 9022578, at *5 (noting exhaustion required "for claims alleging violations of the terms of a benefit plan"); Diamond, 2014 WL 527989, at *7 ("In particular, a claim for breach of

---

Baldwin Union Free Sch. Dist., No. 12-CV-6054 (JS)(AKT), 2013 WL 4719090, at *5 (E.D.N.Y. Sept. 3, 2013); Castells v. Fisher, No. 05 CV 4866(SJ), 2007 WL 1100850, at *5 (E.D.N.Y. Mar. 24, 2007) ("Further, the right to governmental employment is clearly not a fundamental right and a classification based on disability is not a suspect class."); Gillum v. Nassau Downs Reg'l Off Track Betting Corp. of Nassau, 357 F. Supp. 2d 564, 570 (E.D.N.Y. 2005); Gordon v. Woodbourne Corr. Facility, 481 F. Supp. 2d 263, 272-73 (S.D.N.Y. 2007) ("Because plaintiffs have not alleged membership in a protected class and have not been denied a fundamental right, plaintiffs' claim is a "class-of-one" Equal Protection claim."). However, "the class-of-one theory of equal protection has no application in the public employment context." Enquist v. Or. Dep't of Agr., 553 U.S. 591, 607 (2008). Moreover, plaintiff failed to plead he was treated differently from any similarly situated individuals as required to state an equal protection claim. Ruston v. Town Bd. for Town of Skaneateles, 610 F.3d 55, 59 (2d Cir. 2010). Plaintiff also fails to allege a District policy, practice, or custom. Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 694 (1978). He alleges no acts by the District's final policymaker, its Board of Education, to impose District liability. N.Y. Educ. Law § 1709. Such as claim is also partially time-barred.

fiduciary duty is actually a claim for benefits where the resolution of the claim rests upon an interpretation and application of an *ERISA-regulated plan* rather than upon an interpretation and application of *ERISA*.") (citation and internal quotation marks omitted) (emphasis in original). "Therefore, a plaintiff may not bring an action to recover benefits under ERISA until he has exhausted the administrative remedies available under the plan." Abe v. N.Y. Univ., No. 14-cv-9323 (RJS), 2016 WL 1275661, at *5 (S.D.N.Y. Mar. 30, 2016).

Plaintiff does not allege a statutory violation, *i.e.*, "when a plan is administered in a way that violates an ERISA provision." McCulloch, 2016 WL 9022578, at *6.  (Ex. A ¶ 59.)  Rather, plaintiff claims he was denied benefits under the District benefit plan, such as health insurance, vacation, sick time, and retirement benefits and that such denial amounted to conversion, breach of contract, and breach of fiduciary duty.  (Id. ¶¶ 1, 25, 59, 61-62, 74-75, 77.)  Thus, he was required to exhaust administrative remedies and his failure to do so requires dismissal of this claim. Diamond, 2014 WL 527898, at *8 ("Because plaintiff advances a breach of fiduciary claim by which he clearly seeks only to receive benefits under his Plan, plaintiff was required to exhaust his administrative remedies prior to bringing suit in federal court.").

Plaintiff also failed to state a plausible ERISA violation.  To state a claim under the statute, plaintiff must show the employee benefit plan is covered by ERISA, plaintiff is a participant or beneficiary of the plan, and plaintiff was wrongfully denied benefits under the plan.  Payne v. POMCO Grp., No. 10 Civ. 7285(BSJ), 2011 WL 4576545, at *2 (S.D.N.Y. Sept. 30, 2011). Plaintiff cannot allege the benefit plan was covered by ERISA as the statute does not apply to governmental plans.  Gualandi v. Adams, 385 F.3d 236, 242 (2d Cir. 2004); 29 U.S.C. § 1003(a)(1).  A "government plan" is "a plan established or maintained for its employees by the Government of the United States, by the government of any State or political subdivision thereof,

16

or by any agency or instrumentality of any of the foregoing." 29 U.S.C. § 1002(32). A school district "is a governmental entity for ERISA purposes," and a school district plan established only for its employees is excluded from the purview of ERISA. Gualandi, 385 F.3d at 244; Montoya v. ING Life Ins. & Annuity Co., 653 F. Supp. 2d 344, 350–51 (S.D.N.Y. 2009); Lyndaker v. Bd. of Educ. of W. Canada Valley Cent. Sch. Dist., 129 A.D.3d 1561, 1562-63 (4th Dep't 2015). Plaintiff's claim that he was denied benefits under a District plan is not covered by ERISA.

Plaintiff also failed to allege he was a participant of the District benefit plan. An ERISA claim may be brought only "by a participant or beneficiary." 29 U.S.C. § 1132(a)(1); Abe, 2016 WL 1275661, at *4. Plaintiff was not a participant of any District plan. In fact, he alleges the opposite – that he was denied participation in the benefits plan. (Ex. A ¶¶ 1, 25, 59, 75.)[13]

**State Law**

The Court should dismiss plaintiff's wrongful termination claim because "New York does not recognize a common law claim for wrongful termination of employment." Pell v. Pall Corp., No. CV 07-92, 2007 WL 2445217, at *3 (E.D.N.Y. Aug. 20, 2007) (citation omitted). Rather, the state Human Rights Law covers employment discrimination. N.Y. Exec. Law § 296(1)(a). Human Rights Law claims are analyzed the same as ADA and ADEA claims, and should be dismissed for the reasons. Arnold v. Research Found. for State Univ. of N.Y., 216 F. Supp. 3d 275, 287 (E.D.N.Y. 2016); Berger v. N.Y.C. Police Dep't, 304 F. Supp. 3d 360, 367 n.7 (S.D.N.Y. 2018).

Public policy bars intentional infliction of emotional distress claims against government entities such as the District. T.P. ex rel. Patterson v. Elmsford Union Free Sch. Dist., No. 11 CV

---

[13] Assuming the truth of plaintiff's allegations that he learned he was denied benefits when he was fired, (Ex. A ¶ 25), the claim is also partially time-barred. L.I. Head Start Child Dev. Servs., Inc. v. Econ. Opportunity Comm'n of Nassau Cty., Inc., 710 F.3d 57, 67 (2d Cir. 2013) (noting statute of limitations for ERISA claims asserting breach of fiduciary is three years after earliest date on which plaintiff had actual knowledge of the breach or violation); but see Sarro v. Bank of Am., 16-cv-5066(ENV)(ST), 2018 WL 4119208, at *4 (E.D.N.Y. Aug. 29, 2018) (six-year statute of limitations for claims under 29 U.S.C. § 1132(a)(1)(B)).

5133(VB), 2012 WL 5992748, at *7 (S.D.N.Y. Nov. 27, 2012); Shahid v. City of New York, 144 A.D.3d 1127, 1128 (2d Dep't 2016).  Nor can plaintiff use this tort "as a substitute for an available traditional tort remedy."  Roelcke, 2018 WL 1792374, at *13.  Moreover, plaintiff's allegations "are not so extreme, outrageous, utterly reprehensible and intolerable in a civilized society" to sustain this claim.  Lauer v. City of New York, 240 A.D.2d 543, 544 (2d Dep't 1997) (citing Howell v. N.Y. Post Co., Inc., 81 N.Y.2d 115, 121 (1993)).

The elements of fraud require a material misrepresentation of fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance by plaintiff, and damages.  Eurycleia Partners, LP v. Seward & Kissel, LLP, 12 N.Y.3d 553, 559 (2009).  For fraudulent inducement, plaintiff must also allege defendant had a duty to disclose the material information.  Bannister v. Agard, 125 A.D.3d 797, 798 (2d Dep't 2015).  Claims sounding in fraud must be pled with particularity, Fed. R. Civ. P. 9(b), which requires plaintiff to specify the alleged fraudulent statements or omissions, identify the speaker, state where and when the statements were made, and explain why the statements are fraudulent.   IKB Int'l S.A. v. Bank of Am. Corp., 584 F. App'x 26, 27 (2d Cir. 2014) (citation and internal quotations omitted); Hinds Cty., Miss. v. Wachovia Bank N.A., 620 F. Supp. 2d 499, 520 (S.D.N.Y. 2009) ("fraudulent concealment must be pled with particularity").  Plaintiffs are further required to plead "the factual basis which gives rise to a strong inference of fraudulent intent."  Id. (citation omitted).  Plaintiff's conclusory allegations fall far short of this heightened pleading standard.

"Conversion occurs when funds designated for a particular purpose are used for an unauthorized purpose."  World Ambulette Transp., Inc. v. Kwan Haeng Lee, 161 A.D.3d 1028, 1031 (2d Dep't 2018) (alteration and internal quotation marks omitted).  Plaintiff must allege defendant acted without authorization and exercised dominion or a right of ownership over

plaintiff's property, plaintiff made a demand for the property, and defendant refused the demand. Pac. M. Int'l Corp. v. Raman Int'l Gems, Ltd., 888 F. Supp. 2d 385, 396 (S.D.N.Y. 2012); Pappas v. Tzolis, 20 N.Y.3d 228, 234 (2012).  Plaintiff failed to allege facts supporting these elements. As the pleadings demonstrate plaintiff was exempt, he had no right to overtime pay.  His allegation that BOCES has paid him since 2006 undercuts his claim that the District converted plaintiff's property.  He also does not allege he made a demand and was refused.

To state a claim for breach of fiduciary duty, plaintiff must allege existence of a fiduciary relationship, misconduct by defendants, causation, and damages.  Litvinoff v. Wright, 150 A.D.3d 714, 715 (2d Dep't 2017).  It is well-settled that "employment relationships do not create fiduciary relationships."  Rather v. CBS Corp., 68 A.D.3d 49, 55 (1st Dep't 2009); Lyndaker, 129 A.D.3d at 1562 ("It is well settled that a fiduciary relationship does not exist between a school district as employer and a teacher as employee.").  Assuming plaintiff's allegation that he was a District employee is true, the District did not owe plaintiff a fiduciary duty.  Schutty v. Speiser Krause P.C., 86 A.D.3d 484, 486 (1st Dep't 2011) ("plaintiff's allegations do not support the existence of a higher level of trust between the parties than in the normal employment relationship").

All of plaintiff's negligence-based claims fail because New York Workers' Compensation Law is "the exclusive remedy to an employee" when he is injured "by the negligence or wrong of another in the same employ."  Cohen v. Avanade, Inc., 874 F. Supp. 2d 315, 327 (S.D.N.Y. 2012); Jean-Louis v. Am. Airlines, No. 08-CV-3898 (FB), 2010 WL 3023943, at *3 (E.D.N.Y. July 30, 2010) ("Courts routinely dismiss workplace negligence claims, including claims based on harassment and infliction of emotional distress, in light of the exclusive remedy provision of the Workers' Compensation statute."); N.Y. Workers' Comp. Law § 29(6).

To state negligence claim, plaintiff must allege the District owed him a duty, breach of that duty, causation, and damages.  Tuckett v. Slade Indus., Inc., 1:16-cv-4081-GHW, 2018 WL 3910821, at *5 (S.D.N.Y. Aug. 14, 2018).  The complaint fails to allege facts in support of these elements.  Mere employment does not create the special relationship required for negligence claims against a municipality.  Velez v. City of New York, 730 F.3d 128, 134-35 (2d Cir. 2013); Cannon v. Douglas Elliman, LLC, No. 06 Civ.7092(NRB), 2007 WL 4358456, at *11 (S.D.N.Y. Dec. 10, 2007).  Additionally, "Under New York law harm predicated on an intentional act may not give rise to a claim of negligence."  Bah v. City of New York, No. 13 Civ. 6690(PKC)(KNF), 2014 WL 1760063, at *13 (S.D.N.Y. May 1, 2014) (citing cases).  Plaintiff's claim that defendants intentionally misclassified him to deny him overtime and benefits contradicts a negligence claim.

Also, "a claim of *negligent* infliction of emotional distress based on *intentional* conduct is not a viable cause of action."  Jean-Louis, 2010 WL 3023943, at *3 (emphasis in original).  Further, "[a] cause of action for negligent infliction of emotional distress may only lie where a defendant owes a 'special duty' to the plaintiff, and an employer does not owe a special duty to an individual employee, because it has an obligation to treat all employees in the same manner."  Alexander v. Westbury Union Free Sch. Dist., 829 F. Supp. 2d 89, 112 (E.D.N.Y. 2011).  Plaintiff alleges only an employment relationship, not a special duty.  The failure to show "extreme or outrageous" conduct is also fatal to this claim.  Blake v. Race, 487 F. Supp. 2d 187, 219 (E.D.N.Y. 2007).  Plaintiff also failed to allege his physical safety was ever threatened or endangered by defendants as required to prevail on either the "bystander" or "direct duty" theories.  Danielak v. City of New York, No. 02-CV-2349 (KAM), 2005 WL 2347095, at *18 (E.D.N.Y. Sept. 26, 2005).

For negligent misrepresentation, plaintiff must allege "the existence of a special or privity-like relationship" imposing a duty on defendant to impart correct information to him, that the

information was incorrect, and plaintiff's reasonable reliance on the information.  Ginsburg Dev.

Cos., LLC v. Carbone, 134 A.D.3d 890, 894 (2d Dep't 2015).  Plaintiff cannot sustain this claim

as an employment relationship "is not fiduciary in nature and thus does not constitute a 'special

relationship' for purposes of a negligent misrepresentation claim." Cohen, 874 F. Supp. 2d at 327.

Though plaintiff references the state constitution in passing, he does not claim any specific

provision was violated.  Regardless, state constitutional claims are barred where alternative

remedies are available under federal or state common law.  Klein v. Zugabie, No. 15 Civ. 9093

(NSR), 2017 WL 374733, at *7 (S.D.N.Y. Jan. 24, 2017) (citation omitted).  The availability of

numerous other causes of action asserted in the complaint precludes any state constitutional claim.

The District is immune from plaintiff's tort claims because its employment decisions were

discretionary and plaintiff cannot base his claims on any ministerial actions absent allegations of

a special duty.  Velez, 730 F.3d at 135 ; Valdez v. City of New York, 18 N.Y.3d 69, 75-76 (2011)

("the common-law doctrine of governmental immunity continues to shield public entities from

liability for discretionary actions taken during the performance of governmental functions");

McLean v. City of New York, 12 N.Y.3d 194, 203 (2009); Mon v. City of New York, 78 N.Y.2d

309, 314 (1991); Tango v. Tulevich, 61 N.Y.2d 34, 40-42 (1983).

For a breach of contract claim, plaintiff must allege existence of a contract, plaintiff's

performance under the contract, defendant's breach, and damages.  Hampshire Props. v. BTA

Bldg. & Developing, Inc., 122 A.D.3d 573, 573 (2d Dep't 2014).  "Under New York law, it is well

established that, 'absent an agreement establishing a fixed duration, an employment relationship

is presumed to be a hiring at will, terminable at any time by either party.'"  Roelcke, 2018 WL

1792374, at *10 (quoting Goldman v. White Plains Ctr. for Nursing Care, LLC, 11 N.Y.3d 173,

177 (2008)).  Plaintiff's failure to allege he had an employment contract with the District warrants

dismissal of his breach of contract/oral agreement claim.

　　　To sustain a claim for breach of implied contract, plaintiff must allege "an express policy

limiting the employer's right of discharge exists," the employee was aware of this policy, and the

employee relied on the policy in accepting or continuing employment.  Sharkey v. J.P. Morgan

Chase & Co., No. 10 Civ. 3824, 2011 WL 135026, at *8 (S.D.N.Y. Jan. 14, 2011) (citing Lobosco

v. N.Y. Tel. Co./NYNEX, 96 N.Y.2d 312, 316 (2001)).  Plaintiff must show the parties intended

to make a contract and what the terms of the contract were intended to be.  Lamothe v. Town of

Oyster Bay, No. 08-cv-2078 (ADS)(AKT), 2011 WL 4974804, at *12 (E.D.N.Y. Oct. 19, 2011).

This is a "difficult pleading burden."  Sharkey, 2011 WL 135026, at *8.  "[A]n employment

relationship is presumed to be a hiring at will, terminable at any time by either party."  Id. at *9.

Plaintiff's allegations do not support any of these required elements.

　　　For unjust enrichment, plaintiff must allege defendant was enriched at plaintiff's expense

and equity and good conscience require restitution to plaintiff.  Roelcke, 2018 WL 1792374, at

*12.  "The mere fact that plaintiff's activities bestowed a benefit on the defendant is insufficient to

establish a cause of action for unjust enrichment."  Clark v. Daby, 300 A.D.2d 732, 732 (3d Dep't

2002).  Unjust enrichment is not a "catchall cause of action" and "is not available where it simply

duplicates, or replaces, a conventional contract or tort claim."  Corsello v. Verizon N.Y., Inc., 18

N.Y. 3d 777, 790 (2012).  It "cannot remedy the defects" of other defectively pled claims.  Id. at

791.  The facts undermine that defendant was unjustly enriched and this claim should be dismissed

as duplicative of plaintiff's other claims.  Mark Bruce Int'l Inc. v. Blank Rome, LLP, 60 A.D.3d

550, 551 (1st Dep't 2009); Andrews v. Cerberus Partners, 271 A.D.2d 348, 348 (1st Dep't 2000).

Plaintiff's claim of "unclean hands" must be dismissed as the doctrine is an affirmative defense, not a cause of action.  Tierney v. Omnicom Grp. Inc., No. 06 Civ. 14302(LTS)(THK), 2007 WL 2012412, at *10 (S.D.N.Y. July 11, 2007).

Plaintiff's unspecified violations of the state Civil Service Law should be dismissed as he does not allege any facts demonstrating he was a civil servant entitled to a hearing.  See Santangelo v. City of New York, No. 16-CV-5604 (PKC) (LB), 2017 WL 4357335, at *4 (E.D.N.Y. Sept. 29, 2017) ("Plaintiff does not identify any provision of the Civil Service Law that authorizes a claim of 'fraudulent violation of civil service rights' based on an agency's failure to grant an appointment to a permanent position.  The Court is similarly aware of none."); Rusk v. N.Y. State Thruway Auth., 37 F. Supp. 3d 578, 583 (W.D.N.Y. 2014) ("New York Civil Service Law Section 75 had no application to the Plaintiff because he held an exempt position and therefore was not entitled to a hearing").  Also, the failure to provide a hearing under Civil Service Law does not create a cause of action.  Silverman v. City of New York, No. 98-CV-6277, 2001 WL 218943, at *11 (E.D.N.Y. Feb. 2, 2001) ("New York Civil Service Law § 75 requires a pre-dismissal hearing for certain kinds of municipal employees.  However, that provision does not contain a private right of action"); Santiago v. C.O. Campisi Shield #4592, No. 97CIV0418PKL, 2000 WL 565198, at *1 (S.D.N.Y. May 8, 2000) ("Moreover, it does not appear that any of the statutory provisions cited by plaintiff provides him with a cause of action: Section 75 of the Civil Service Law establishes procedural safeguards for civil servants who are the subject of disciplinary proceedings.").

Plaintiff's allegations of unspecified provisions of the Education Law fail to state a plausible claim.  Lyndaker, 129 A.D.3d at 1563 (holding no private right of action under Education Law where plaintiff alleged district improperly reported service credits).

Plaintiff alleges violations of tax laws, but there is no private right of action to enforce violations of tax laws and regulations.   Seabury v. City of New York, No. 06-CV-1477 (NGG), 2006 WL 1367396, at *5 (E.D.N.Y. May 18, 2006) ("Private citizens cannot enforce the provisions of the Tax Code. . . . Federal courts have consistently refused to imply a private cause of action under the tax laws, including actions of employees against employers who have violated the requirements of the Tax Code."); Springer v. U.S. Bank Nat'l Ass'n, 15-cv-1107(JGK), 2015 WL 9462083, at *9 (S.D.N.Y. Dec. 23, 2015) (citing Reynolds v. de Silva, No. 09 Civ. 9218(CM), 2010 WL 743510, at *7 (S.D.N.Y. Feb. 24, 2010) ("district courts in this Circuit have repeatedly held that there is no private right of action to enforce violations of the IRC.")).

Finally, "New York does not recognize civil conspiracy to commit a tort as an independent cause of action, and a cause of action alleging conspiracy to commit a tort stands or falls with the underlying tort."   Williams v. Williams, 149 A.D.3d 1145, 1146 (2d Dep't 2017).   Absent any underlying claims, a conspiracy claim must fail.

**POINT IV**

**PLAINTIFF'S NOTICE OF CLAIM IS LATE**

Plaintiff's notice of claim is untimely with regard to many of his allegations.   Prior to commencing an action against a school district "for any cause whatever," a plaintiff must serve a written notice of claim on the school district within three months after the claim accrues.   N.Y. Educ. Law § 3813(1).   Education Law separately imposes a notice of claim requirement for tort claims against a school district.   N.Y. Educ. Law 3813(2) (incorporating N.Y. Gen. Mun. Law §§ 50-e, 50-i).   "Notice of claim requirements are construed strictly by New York state courts.   Failure to comply with these requirements ordinarily requires a dismissal for failure to state a cause of action."   Gurrieri, 2017 WL 3432208, at *8 (quoting Hardy v. N.Y.C. Health & Hosp. Corp., 164

24

F.3d 789, 793–94 (2d Cir. 1999)). "Federal courts do not have jurisdiction to hear state law claims brought by plaintiffs who have failed to comply with the notice of claim requirement, nor can a federal court grant a plaintiff permission to file a late notice of claim." Dillon v. Suffolk Cty. Dep't of Health Servs., 917 F. Supp. 2d 196, 216 (E.D.N.Y. 2013).

The notice of claim requirement applies to all of plaintiff's state law claims. See Seifullah v. City of New York, 161 A.D.3d 1206, 1206 (2d Dep't 2018) (employment discrimination); Ramos v. Bd. of Educ. of City of N.Y., 148 A.D.3d 909, 910 (2d Dep't 2017) (negligence); Edwards v. Jericho Union Free Sch. Dist., 904 F. Supp. 2d 294, 307 (E.D.N.Y. 2012) (intentional and negligent infliction of emotional distress); Kassapian v. City of New York, 155 A.D.3d 851, 854 (2d Dep't 2017) (state constitution); Garcia v. Yonkers Bd. of Educ., 188 F. Supp. 3d 353, 365 (S.D.N.Y. 2016) (breach of contract); Consol. Constr. Grp., LLC v. Bethpage Union Free Sch. Dist., 39 A.D.3d 792, 794 (2d Dep't 2007) (breach of contract); Feingold v. Hankin, 91 F. App'x 176, 178 (2d Cir. 2004) (negligent misrepresentation); L.K. v. Sewanhaka Cent. High Sch. Dist., 14 CV 5730 (DRH) (AKT), 2015 WL 12964663, at *15 (E.D.N.Y. July 16, 2015) (fraud), aff'd, 641 F. App'x 56 (2d Cir. 2016); Herlihy v. City of New York, No. 06 CV 407(SJ)(RML), 2007 WL 1062593, at *10 (E.D.N.Y. Mar. 30, 2007) (unjust enrichment and breach of fiduciary duty), aff'd, 654 F. App'x 40 (2d Cir. 2016); Manon v. Pons, 131 F. Supp. 3d 219, 240 (S.D.N.Y. 2015) (conversion, intentional and negligent infliction of emotional distress); Kranz v. Town of Tusten, 236 A.D.2d 675, 676 (3d Dep't 1997) (conversion); Moore v. Middletown Enlarged City Sch. Dist., 57 A.D.3d 746, 748 (2d Dep't 2008) (Civil Service Law); Zito v. N.Y.C. Office of Payroll Admin., 130 A.D.3d 1326, 1327 (3d Dep't 2015) (breach of fiduciary duty); Blue v. City of New York, 14-CV-7836 (VSB), 2018 WL 1136613, at *17 (S.D.N.Y. Mar. 1, 2018) (civil conspiracy).

The notice of claim requirement also applies to claims under N.Y. Labor Law.  See Gurrieri, 2017 WL 3432208, at *7-9; Henneberger v. County of Nassau, 465 F. Supp. 2d 176, 199 (E.D.N.Y. 2006) (citing Flynn); Flynn, 2002 WL 31175229, at *9-10 (applying Education Law § 3813(1)); Fernandez v. City of New York, 148 A.D.3d 995, 996 (2d Dep't 2017); Ahmed v. N.Y.C. Hous. Auth., 119 A.D.3d 494, 496 (2d Dep't 2014); Niewoit v. City of Middletown, 78 A.D.3d 948, 948 (2d Dep't 2010); Ippolito v. City of Buffalo, 195 A.D.2d 983, 983 (4th Dep't 1993).

"Causes of action for which a notice of claim is required and are not listed in the plaintiff's original notice of claim may not be interposed." T.P., 2012 WL 5992748, at *8 (quoting Mazzilli v. City of New York, 154 A.D.2d 355, 357 (2d Dep't 1989)).  "If a cause of action is not referred to either directly or indirectly in the original notice of claim, it is not enough that the newly alleged cause of action arises from the same incident; 'rather, the nature of the claim and the theory of liability are determinative.'"  Id.  While plaintiff's notice of claim mentions denial of overtime under the FLSA, it does not mention state Labor Law.  It also fails to mention fraudulent concealment or discrimination under state Human Rights Law.  (Ex. D.)  These claims are, therefore, jurisdictionally defective.  Id. (holding notice of claim did not give adequate notice of state Human Rights Law claim based on assertion of Title IX claim).

Plaintiff did not serve a notice of claim until March 28, 2016.  (Ex. A ¶ 11; Ex. D.)  Thus, the notice of claim is late for all state law claims based on events that occurred prior to December 28, 2015, including the alleged failure to pay overtime/benefits and reductions in salary.  In the event any of plaintiff's claims based on the alleged denial of overtime/benefits survive this motion, they must be limited to the period of December 28, 2015 through January 8, 2016.

26

<u>**CONCLUSION**</u>

For all of the foregoing reasons, the District respectfully requests that this Court grant its

motion and dismiss this action against it in its entirety with prejudice, together with such other and

further relief as this Court deems just, equitable, and proper.

Dated: Carle Place, New York
        November 7, 2018

                                      SOKOLOFF STERN LLP
                                      *Attorneys for Defendant Massapequa*
                                      *Union Free School District*

                                      _____

By:    Mark A. Radi
        179 Westbury Avenue
        Carle Place, New York 11514
        (516) 334-4500
        File No. 160043