UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------X
JOHN BENJAMIN SILVERSTEIN,                                   Docket No. 18-CV-4360 (JFB)(AKT)

                                        Plaintiff,

-against-

MASSAPEQUA UNION FREE SCHOOL DISTRICT
(the "District"), NASSAU COUNTY BOARD OF
COOPERATIVE EDUCATION SERVICES ("BOCES"), and
CONTEMPORARY COMPUTER SERVICE, INC ("CCSI")

                                        Defendants.

----------------------------------------------------------------------------X

## **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT**
## **NASSAU BOARD OF COOPERATIVE EDUCATIONAL SERVICES'**
## **MOTION TO DISMISS**

*Of Counsel: Lewis R. Silverman, Esq.*
        *Joshua M. Goldstein, Esq*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES……………………………………………………………..iv

PRELIMINARY STATEMENT ....................................................................................1

STATEMENT OF FACTS ............................................................................................1

PROCEDURAL HISTORY............................................................................................2

STANDARD OF REVIEW……………………………………………………..……….3

ARGUMENT....................................................................................................................4

      **POINT I**

      PLAINTIFF'S CLAIMS UNDER THE FLSA ARE
      UNTIMELY AND REQUIRE DISMISSAL …………………………….........4

      **POINT II**

      PLAINTIFF FAILS TO STATE A CLAIM AS BOCES CANNOT
      BE CONSIDERED A JOINT EMPLOYER UNDER THE
      FLSA OR NYLL.................................................................................................5

            Formal Control Test………………………………………………...…7

            Functional Control Factors……………………………………………8

      **POINT III**

      PLAINTIFF FAILS TO PLAUSIBLY ALLEGE AN FLSA
      OVERTIME WAGES CLAIM …………...………………………………….10

      **POINT IV**

      PLAINTIFF'S ADA AND ADEA CLAIMS SHOULD BE DISMISSED.................13

            A.  Failure to Exhaust Administrative Remedies………………………...…13

            B.  Failure to State a Claim under the ADA and the ADEA………………..14

<u>POINT V</u>

**PLAINTIFF'S STATE LAW CLAIMS ARE SUBJECT TO
DISMISSAL IF THE COURT CHOOSES TO EXERCISE
SUPPLEMENTAL JURISDICTION**………………………………………………17

      **Statute of Limitations**…………………………………………………....17

      **Third and Fourth Causes of Action - Unlawful Interference**…………..…….17

      **Fifth Cause of Action – Intentional and Negligent Infliction
of Emotional Distress**………………………………………………....…..18

            **Intentional Infliction of Emotional Distress**……………………..…18

            **Negligent Infliction of Emotional Distress**……………………………19

      **Seventh Cause of Action - Refusal to Pay Alleged Overtime Wages**...……...19

      **Eighth and Ninth Causes of Action – Conversion and Fraudulent
Inducement**…………...….……………………………………………………19

**CONCLUSION** ………………………………………………………………………21

## TABLE OF AUTHORITIES

### Cases

*Abakan, Inc. v. Uptick Capital, LLC,*
  943 F. Supp. 2d 410 (S.D.N.Y. 2013) ..............................................................................4

*Astoria Gen. Contracting Corp. v. Office of Comptroller of City of New York,*
  159 F. Supp. 3d 385 (S.D.N.Y. 2016) ..............................................................................3

*Axiom Inv. Advisors, LLC by & through Gildor Mgmt., LLC v. Deutsche Bank AG,*
  234 F. Supp. 3d 526 (S.D.N.Y. 2017) ..............................................................................3

*Bank of New York Tr. Co. v. Franklin Advisers, Inc.,*
  726 F.3d 269 (2d Cir. 2013) ..............................................................................................3

*BNP Paribas Mortg. Corp. v. Bank of Am., N.A.,*
  778 F. Supp. 2d 375 (S.D.N.Y. 2011) ..............................................................................7

*Bradley v. Earl B. Feiden, Inc.,*
  8 N.Y.3d 265, 864 N.E.2d 600 (2007) ..........................................................................4, 6

*Chambers v. Time Warner, Inc.,*
  282 F.3d 147 (2d Cir. 2002) ..............................................................................................3

*Espinal v. City of New York,*
  107 A.D.3d 411, 967 N.Y.S.2d 29 (2013) ........................................................................6

*Greenfield v. Philles Records, Inc.,*
  98 N.Y.2d 562, 750 N.Y.S.2d 565, 780 N.E.2d 166 (2002) ............................................4

*Haynes v. Kleinewefers and Lembo Corp.,*
  921 F.2d 453 (2d Cir.1990) ..............................................................................................7

*Hilton v. Bank of New York Mellon,*
  2016 WL 234851 (N.D.N.Y. Jan. 19, 2016) .....................................................................3

*In re DDAVP Indirect Purchaser Antitrust Litig.,*
  903 F. Supp. 2d 198 (S.D.N.Y. 2012) ..............................................................................3

*In re Miller's Launch, Inc.,*
  773 F. Supp. 2d 294 (E.D.N.Y. 2011) ..............................................................................6

*Klos v. Lotnicze,*
  133 F.3d 164 (2d Cir.1997) ..............................................................................................4

*LaSalle Bank Nat'l Ass'n v. Nomura Asset Capital Corp.,*
  424 F.3d 195 (2d Cir. 2005) ..............................................................................................5

*Law Debenture Trust Co. of N.Y. v. Maverick Tube Corp.,*
  595 F.3d 458 (2d Cir. 2010) ..............................................................................................5

*Levine v. Shell Oil Co.,*
  28 N.Y.2d 205, 321 N.Y.S.2d 81, 269 N.E.2d 799 [1971] ..........................................4, 6

*Linarello v. City Univ. of New York,*
  6 A.D.3d 192, 774 N.Y.S.2d 517 (2004) ..........................................................................6

*Lockheed Martin Corp. v. Retail Holdings, N.V.,*
  639 F.3d 63 (2d Cir.2011) ..............................................................................................4

*Madeira v. Affordable Hous. Found., Inc.,*
  323 F. App'x 89 (2d Cir. 2009) .........................................................................................7

*Oscar Gruss & Son, Inc. v. Hollander,*
  337 F.3d 186 (2d Cir. 2003) ..............................................................................................3

*Reinhardt v. Wal-Mart Stores, Inc.*,
    547 F. Supp. 2d 346 (S.D.N.Y. 2008)....................................................................3

*Rodrigues v. N & S Bldg. Contrs., Inc.*,
    5 N.Y.3d 427, 805 N.Y.S.2d 299, 839 N.E.2d 357 [2005]......................................4

*Schumacher v. Lutheran Cmty. Servs., Inc.*,
    177 A.D.2d 568, 576 N.Y.S.2d 162 (1991) .............................................................4

*Structure Tone, Inc. v. Component Assembly Sys.*,
    275 A.D.2d 603, 713 N.Y.S.2d 161 (2000) .............................................................6

*Vey v. Port Auth. of New York & New Jersey*,
    54 N.Y.2d 221, 429 N.E.2d 762 (1981)...................................................................7

*Zurich Am. Ins. Co. v. ABM Indus.*,
    397 F.3d 158 (2d Cir. 2005).....................................................................................6

## **Rules**

Fed. R. Civ. P. 4(m)......................................................................................................2

v

**PRELIMINARY STATEMENT**

Defendant, Nassau Board of Cooperative Educational Services ("BOCES"), by and through its attorneys, Silverman & Associates, respectfully submits this Memorandum of Law in support of its Motion to Dismiss, with prejudice, the plaintiff's Verified Complaint ("Verified Complaint") for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  The plaintiff is asserting claims under the Fair Labor Standards Act ("FLSA"), the Age Discrimination in Employment Act ("ADEA"), the Americans with Disabilities Act ("ADA"), as well as various state law claims such as claims brought under New York Labor Law ("NYLL"), Nassau County Civil Service Law, and claims for wrongful termination, negligence, breach of contract, negligent misrepresentation, breach of fiduciary duty, intentional and negligent infliction of emotional distress, fraudulent inducement, and conversion.  This case arises from the allegations prior to and including Plaintiff's termination of employment from Co-Defendant Contemporary Computer Services, Inc. ("CCSI") on or about January 8, 2016.

**STATEMENT OF FACTS**[1]

Plaintiff was hired in 2001 by the Massapequa Union Free School District ("the District") to be a Network Systems Engineer, where he worked for the District concerning various technological matters.  *See* Exhibit "A" at ¶¶ 16, 17.  Plaintiff served as a District employee and received his paychecks from the District for the first five years of his employment.  *See* Exhibit "A" at ¶ 26.  Plaintiff alleges that he subsequently began to receive his paychecks from BOCES for the remaining years of his employment and was allegedly forced to "incorporate" to continue

---

[1]     The facts are taken from Plaintiff's Complaint and are assumed to be true for purposes of this motion only. BOCES does not admit or concede the truth or accuracy of the facts alleged in the Complaint.

1

servicing the District's IT needs.[2]  *See* Exhibit "A" at ¶ 26.  Plaintiff alleges that the rationale for this decision was due to an arrangement whereby he would receive his paychecks from BOCES so the District could be subsequently reimbursed by state funds.  *See* Exhibit "A" at ¶¶ 27, 31. Plaintiff alleges that he never had contact with or worked with BOCES officials once the alleged financial relationship between BOCES and CCSI began.  *See* Exhibit "A" at ¶ 31.  Plaintiff never had a written contract with BOCES nor was he ever a BOCES employee. *See* Exhibit "A" at ¶ 32. Plaintiff was terminated in January of 2016 by Robert Schilling, his supervisor and a District employee.  *See* Exhibit "A" at ¶ 38.

## PROCEDURAL HISTORY

On March 18, 2016, Plaintiff served a Notice of Claim on BOCES.  On May 19, 2016, Plaintiff participated in an examination pursuant to General Municipal Law § 50-h. Plaintiff previously filed his first federal action on March 8, 2017.  *See Silverstein v. Nassau BOCES*, et al., No. 17-cv-1328 (DRH)(SIL).  On May 31, 2018, the Court dismissed that case under Fed. R. Civ. P. 4(m).  Plaintiff subsequently filed a nearly-identical complaint in New York State Court on March 28, 2018 and served BOCES on July 24, 2018.  On August 1, 2018, BOCES removed the action to the United States District Court for the Eastern District of New York.  A pre-motion conference was held before Judge Joseph F. Bianco on October 2, 2018.  This timely motion to dismiss follows.

---

[2]      Plaintiff incorrectly alleges in his Complaint that he received his paychecks from BOCES.  Plaintiff received his paychecks from CCSI as he was a CCSI employee, as he admitted during his examination pursuant to General Municipal Law § 50-h.  *See* Exhibit "B" at p. 33.  The Court can consider the plaintiff's testimony given at his General Municipal Law § 50-h examination because it was explicitly referenced in Plaintiff's Complaint.  *See* Exhibit "A" at ¶ 12; *Vessa v. City of White Plains*, No. 12-CV-6989 ER, 2014 WL 1271230, at *4 n. 11 (S.D.N.Y. Mar. 27, 2014), aff'd, 588 F. App'x 9 (2d Cir. 2014).

## STANDARD OF REVIEW

A pre-answer motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) asks the court to gauge the facial sufficiency of that pleading using a pleading standard which "demands more than an unadorned, the□defendant□unlawfully□harmed me accusation" to withstand scrutiny. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Bell Atlantic v. Twombly,* 550 U.S. 541, 555 (2007)). Under Fed. R. Civ. P. 8(a)(2), "a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'' *Iqbal,* 556 U.S. at 677–78 (quoting Fed. R. Civ. P. 8(a)(2)). This standard requires more than mere legal conclusions. *See id.* at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.") In deciding a Fed. R. Civ. P. 12(b)(6) dismissal motion, the court must accept the material facts alleged in the complaint as true and draw all inferences in favor of the non□moving party. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Twombly,* 550 U.S. at 555–56); *see also Cooper v. Pate*, 378 U.S. 546 (1964); *Miller v. Wolpoff & Abramson, L.L.P.,* 321 F.3d 292, 300 (2nd Cir. 2003). However, the tenet that a court must accept as true all of the allegations contained in a complaint does not apply to legal conclusions. *Iqbal,* 556 U.S. at 678.

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570); *see also Ruotolo v. City of New York*, 514 F.3d 184, 188 (2nd Cir. 2008). As the Second Circuit has observed, "[w]hile *Twombly* does not require heightened fact pleading of specifics, it does require enough facts to 'nudge plaintiffs' claims across the line from conceivable to plausible.'" *In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2nd Cir. 2007) (quoting *Twombly,* 550 U.S. at 570) (alterations omitted). Additionally, "[w]here a complaint

pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line

between possibility and plausibility to entitlement to relief.'" *Id.*

## ARGUMENT[3]

**POINT I:**   **PLAINTIFF'S CLAIMS UNDER THE FLSA ARE UNTIMELY AND REQUIRE DISMISSAL**

FLSA claims for overtime wages are subject to a two-year statute of limitations "unless the

plaintiff can prove the employer committed willful violations." 29 U.S.C. § 255(a). If the plaintiff

establishes that the violations were willful, a three-year limitations period applies. *Johnson v.*

*Wave Comm GR LLC*, 4 F. Supp. 3d 423, 432 (N.D.N.Y. 2014). Moreover, an FLSA claim for

unpaid overtime accrues "at the end of each pay period when it is not paid." *Id.* (quoting *Cook v.*

*United States,* 855 F.2d 848, 851 (2d Cir. 1988)).

It is well-established that a violation is willful if "the employer either knew or showed

reckless disregard for the matter of whether its conduct was prohibited by the statute." *Padilla v.*

*Sheldon Rabin, M.D., P.C.*, 176 F. Supp. 3d 290, 299–300 (E.D.N.Y. 2016) (quoting *McLaughlin*

*v. Richland Shoe Co.*, 486 U.S. 128, 133, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988). Reckless

disregard, in this context, is the "failure to make adequate inquiry into whether conduct is in

compliance with the [FLSA]." 5 C.F.R. § 551.104, thus requiring a plaintiff to sufficiently allege

"that the employer knew or had reason to know that it was or might have been subject to

the FLSA." *Padilla*, 176 F. Supp. 3d at 299–300 (quoting *Eschmann v. White Plains Crane Serv.,*

*Inc.*, No. 11-CV-5881 KAM VVP, 2014 WL 1224247, at *5 (E.D.N.Y. Mar. 24, 2014)). Most

important, the plaintiff must "plead sufficient facts to render plausible the conclusion that

---

[3]      Plaintiff's third and seventh causes of action do not apply to BOCES as BOCES as they are both denial of benefits claims (and are possibly ERISA claims). Plaintiff's third cause of action is expressly pled against the District and Plaintiff's seventh cause of action refers to an employment agreement. As Plaintiff never had an employment agreement with BOCES nor did BOCES ever provide benefits to Plaintiff, BOCES will not respond to these causes of action.

[d]efendant acted willfully." *Watkins v. First Student, Inc.,* No. 17-CV-1519 (CS), 2018 WL 1135480, at *8 (S.D.N.Y. Feb. 28, 2018).

Here, the issue is whether the plaintiff has sufficiently alleged facts to "render plausible the conclusion" that BOCES acted willfully. *Id.* Plaintiff's Complaint alleges only that he worked in excess of forty hours during an unknown number of weeks, that the District "knowingly violated" the FLSA because the "Plaintiff's position is a non-exempt position", and due to Plaintiff having filled out time sheets, the District knowingly withheld overtime pay. *See* Exhibit "A" at ¶¶ 45-46. Plaintiff, however, has failed to allege any specific facts to indicate that BOCES willfully violated the FLSA, except for stating in a conclusory fashion that "Defendants" violated the FLSA. *See Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 38 (E.D.N.Y. 2015). Simply stating that "Defendants" willfully violated the FLSA, however, does not rise to the required level of factual pleading in a complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007). As Plaintiff has failed to plausibly allege that BOCES willfully violated the FLSA, the two-year statute of limitations applies. As Plaintiff was terminated in January 2016, his FLSA claim for overtime wages is time-barred against BOCES and must be dismissed. *See Watkins*, 2018 WL 1135480 at *6.

**POINT II:**   **PLAINTIFF FAILS TO STATE A CLAIM AS BOCES CANNOT BE CONSIDERED A JOINT EMPLOYER UNDER THE FLSA OR NYLL**

Under the FLSA, an employer "includes any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization." 29 U.S.C.A. § 203. In certain circumstances, an entity can be deemed a joint employer under the FLSA. *Zheng v. Liberty Apparel Co. Inc.*, 355 F.3d 61, 70 (2d Cir. 2003) (citing *Rutherford Food Corp. v. McComb,* 331

U.S. 722, 724–25, 730, 67 S. Ct. 1473, 1474, 91 L. Ed. 1772 (1947)). The FLSA, however, gives little guidance concerning whether a given individual or organization is or is not an employer. *Jean-Louis v. Metro. Cable Commc'ns, Inc.,* 838 F. Supp. 2d 111, 120 (S.D.N.Y. 2011) (quoting *Herman v. RSR Security Services Ltd.,* 172 F.3d 132, 139 (2d Cir.1999).

The FLSA "defines the verb 'employ' expansively to mean 'suffer or permit to work.'" *Id.* (citing *Nationwide Mut. Ins. Co. v. Darden,* 503 U.S. 318, 326, 112 S.Ct. 1344, 117 L.Ed.2d 581 (1992) (quoting 29 U.S.C. § 203(g)); *see also Rutherford,* 331 U.S. at 728. In fact, the definition of the word "employ" under the FLSA has expanded over time to include entities or persons who may not even qualify as an employer under a stricter, more traditional definition or application of "agency law principles". *Darden,* 503 U.S. at 326, 112 S.Ct. 1344. This entails an analysis of whether an entity "suffers and permits" an individual to work for that entity. This would be the case if, as an economic reality, the entity functions as the individual's employer. *Jean-Louis,* 838 F. Supp. 2d at 121 (citing *Darden,* 503 U.S. at 326, 112 S.Ct. 1344). Namely, under the FLSA, the "lodestar" to determining whether an entity is a joint employer is whether the entity "possessed the power to control the workers in question". *Id.* (quoting *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999), *holding modified by Zheng,* 355 F.3d 61.[4] To that end, there are two tests employed by the Second Circuit to determine whether an entity can be considered a joint employer: the formal control test and the functional control factors. Both are addressed below.

---

[4] New York courts have employed the same joint employer analysis utilized in FLSA cases for actions brought under NYLL. *See Winfield v. Babylon Beauty Sch. of Smithtown Inc.*, 89 F. Supp. 3d 556, 570 (E.D.N.Y. 2015) (citing *Olvera v. Bareburger Grp. LLC,* No. 14 CIV. 1372(PAE), 73 F.Supp.3d 201, 206, 2014 WL 3388649, at *4 (S.D.N.Y. July 10, 2014) ("The statutory standard for employer status under NYLL is nearly identical to that of the FLSA.... Courts in this District have regularly applied the same tests to determine, under the FLSA and NYLL, whether entities were joint employers") (collecting cases).

6

**Formal Control Test**

The formal control test is designed to answer the question of whether a potential joint employer had actual control over the plaintiff and contains four elements: "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Martin v. Sprint United Mgmt. Co.*, 273 F. Supp. 3d 404, 422 (S.D.N.Y. 2017) (*citing Carter v. Dutchess Community College*, 735 F.2d 8, 12 (2d Cir. 1984); *see also Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999), *holding modified by Zheng*, 355 F.3d 61. This test has also been referred to as the "economic reality test". *Goldberg v. Whitaker House Co-op., Inc.*, 366 U.S. 28, 33, 81 S. Ct. 933, 936, 6 L. Ed. 2d 100 (1961).

Here, Plaintiff implausibly pled that BOCES would qualify as a joint employer under the formal control test. Concerning the first element, Plaintiff does not plausibly plead, nor is it the case, that BOCES had the power to hire and fire any consultant at CCSI or any District employee. Plaintiff only alleges that at a certain point, he was informed that he needed to "incorporate", would receive his paychecks from BOCES, and that Plaintiff's employment was terminated in January 2016. Plaintiff pleads that he did not have a relationship with BOCES, as he alleges that he never entered a written employment agreement with BOCES. *See* Exhibit "A" at ¶ 32. In fact, Plaintiff has only pled that the District and/or CCSI was able to terminate him. Further, Plaintiff also fails to sufficiently plead the second element: that BOCES, the alleged employer, supervised and controlled employee work schedules or conditions of employment. Plaintiff does not plead this – instead, Plaintiff only pleads that he received his paychecks from BOCES (*See* Exhibit "A" at ¶ 26) and that the only reason he received his paychecks from BOCES was so the District could be later reimbursed by state funds (*See* Exhibit "A" at ¶ 31). Plaintiff does not plead that he had any

contact with BOCES or that any administrative decisions concerning his employment, with the exception of his paychecks coming from BOCES, was caused by or affected by BOCES. His testimony in his examination pursuant to General Municipal Law § 50-h is mostly consistent with his allegations except that the plaintiff testified that he never received pay from BOCES. *See* Exhibit "B" at pp. 111-112.

Plaintiff also fails to plausibly plead the third element, as he failed to plead that BOCES determined the rate and method of his payment. Solely pleading (incorrectly) that he receives his paychecks from BOCES is not sufficient to properly allege that BOCES had the ability to determine the rate and method of his payment. Plaintiff also fails to plausibly plead the fourth element: that BOCES maintained any of his employment records or employment records of any CCSI or District employees. Instead, throughout his Verified Complaint, Plaintiff consistently pleads that he was, in nearly all respects (and effect), a District employee.

**Functional Control Factors**

The functional control factors are a modification to the formal control test. The Second Circuit, in *Zheng v. Liberty Apparel Co. Inc.,* added the functional control factors, which were derived from the factors set by the United States Supreme Court in *Rutherford Food Corp. v. McComb*, in an effort to verify whether an entity may have functional control over workers though that entity does not possess formal control. *See Zheng*, 355 F.3d 61, 72; *Rutherford*, 331 U.S. 722, 723. The functional control factors are designed to require a district court to look "beyond traditional agency principles before declaring that the entity is not an employer under the FLSA." *Zheng*, 355 F.3d at 79.

The factors are as follows: (1) whether [the alleged employers'] premises and equipment were used for the plaintiffs' work; (2) whether the [subcontractors] had a business that could or

did shift as a unit from one putative joint employer to another; (3) the extent to which plaintiffs performed a discrete line job that was integral to [the alleged employers'] process of production; (4) whether responsibility under the contracts could pass from one subcontractor to another without material changes; (5) the degree to which [the alleged employers] or their agents supervised plaintiffs' work; and (6) whether plaintiffs worked exclusively or predominantly for [the alleged employers]. *Id*. at 72 (factors derived from *Rutherford*, 331 U.S. at 724–25. The *Zheng* Court also found that a district court is free to consider "any other factors it deems relevant to its assessment of the economic realities." *Jean-Louis*, 838 F. Supp. 2d at 135 (citing *Zheng,* 355 F.3d at 72).

On balance, BOCES cannot be considered a joint employer under the functional control factors. Concerning the first factor, Plaintiff has not alleged that he ever used BOCES' premises or equipment for his work. Regarding the second factor, while Plaintiff pleads that he worked exclusively for the District, this factor does not solely contemplate whether a consultant who works for a subcontractor, i.e. CCSI, worked exclusively for the District. The factor is designed for a Court to consider whether the subcontracting entity did or *could* have worked for a different contractor. As Plaintiff fails to plead that CCSI worked solely for the District and no other clients or could not work for other possible clients, Plaintiff has failed to plausibly plead this factor. *See Jean-Louis*, 838 F. Supp. 2d at 132 (Court held that because the subcontractor had the capability to seek work from other contractors and previously served other clients, the plaintiff did not satisfy the second factor). The third factor is more applicable for manufacturing instead of services job. *See Jean-Louis*, 838 F. Supp. 2d at 134 ("the third factor might apply with somewhat less vigor where, as here, the parties are engaged in providing a service rather than manufacturing a product"). Nevertheless, Plaintiff has failed to establish that his position was a "discrete line job"

9

or that the relationship between BOCES, the District, and CCSI ran counter to industry custom or historical practice.

The fourth factor also does not militate in favor of Plaintiff. This factor "'weighs in favor of a determination of joint employment when employees are tied to an entity ... rather than to an ostensible direct employer....'". *Jean-Louis*, 838 F. Supp. 2d at 134 (quoting *Zheng,* 355 F.3d at 72). It is well-established, however, that if "'employees work for an entity (the purported joint employer) only to the extent that their direct employer is hired by that entity, this factor does not in any way support the determination that a joint employment relationship exists.'" *Jean-Louis*, 838 F. Supp. 2d at 134 (quoting *Zheng,* 355 F.3d at 72). Here, while Plaintiff fails to plead that his direct employer was CCSI, Plaintiff only pleads that he was involuntarily forced to become a contractor. *See* Exhibit "A" at ¶¶ 26, 30. Further, Plaintiff has not pled any facts to indicate that CCSI would continue providing IT services to the District if it was no longer in a contractual agreement to do so. *See Jean-Louis*, 838 F. Supp. 2d at 134. Thus, this factor militates in favor of BOCES. Regarding the fifth factor, Plaintiff has not pled that BOCES or its agents supervised Plaintiff's work. Instead, Plaintiff has explicitly pled that his immediate supervisor, a District employee, supervised his work and ultimately terminated his employment. Concerning the sixth factor, Plaintiff pled that he worked predominately for the District, not BOCES. Taken together, these factors clearly demonstrate that Plaintiff has not plausibly pled that BOCES was a joint employer with CCSI. Thus, BOCES cannot be held liable for Plaintiff's alleged complaints.

**POINT III:** **PLAINTIFF FAILS TO PLAUSIBLY ALLEGE AN FLSA OVERTIME WAGES CLAIM**

For Plaintiff to survive a motion to dismiss on his overtime wages claim under the FLSA, he "must allege sufficient factual matter to state a plausible claim that [he] worked compensable overtime in a workweek longer than 40 hours." *Lundy v. Catholic Health Sys. of Long Island Inc.*,

711 F.3d 106, 114 (2d Cir. 2013). Plaintiff must sufficiently allege that he worked 40 hours in a workweek as well as uncompensated time in excess of 40 hours. *Id.*; *see also Nakahata v. New York-Presbyterian Healthcare Sys. Inc.*, 723 F.3d 192, 201 (2d Cir. 2013); *DeJesus v. HF Management Servs. LLC*, 726 F.3d 85, 89 (2d Cir. 2013).

For example, in *Lundy*, the Second Circuit affirmed the dismissal of plaintiffs' FLSA overtime claims because the plaintiffs failed to allege a work week in which they worked forty hours and then worked additional uncompensated time. *Lundy*, 711 F.3d 114-15. Shortly thereafter, the Second Circuit again affirmed the dismissal of FLSA overtime claims based on the plaintiffs' failure to plead sufficient facts to support such claims in *Nakahata*. There, the plaintiffs only alleged that they were not compensated for overtime and failed to plead any allegations that they were scheduled to work and did work forty hours per work week before the alleged "overtime." The Second Circuit held that this was not sufficiently specific. *Nakahata*, 723 F.3d at 199-201. Following the rationale of *Lundy* and *Nakahata*, the Second Circuit in *DeJesus v. HF Management Servs. LLC* again affirmed the dismissal of a plaintiff's FLSA overtime claim because plaintiff pled, essentially, nothing more than the language of the statute when she alleged that in all or some weeks she worked more than forty hours without being paid one and half times her rate. *DeJesus v. HF Management Servs. LLC*, 726 F.3d 85, 89 (2d Cir. 2013); *see also Burns v. Haven Manor Health Care Center LLC*, 2015 WL 1034881 at * 3-5 (E.D.N.Y. Mar. 10, 2015). It is clear that to survive a motion to dismiss, Plaintiff must plausibly plead that he worked in excess of 40 hours in a work week and was not compensated.

As a threshold matter, as BOCES is not Plaintiff's employer, it does not have any power or ability to permit or compensate Plaintiff any overtime payment. Nevertheless, Plaintiff's claim is deficient as he fails to plead any specifics concerning any alleged overtime work. Instead, he

11

merely pleads that Defendants "refused and failed" to pay overtime. *See* Exhibit "A" at ¶ 48. He has not pled any facts including specific dates when he performed overtime work, how much overtime work he performed over the alleged time period, whether Plaintiff was ever compensated for any overtime work, if or how his superiors were informed that he performed overtime work, or even the types of overtime work he performed. Further, Plaintiff does not specify exactly how much money he should have earned during his alleged overtime. The Second Circuit has clearly enunciated that to survive a motion to dismiss on an FLSA overtime wages claim, the complaint must contain facts that plausibly allege "40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Lundy,* 711 F.3d at 114. As Plaintiff has failed to allege even a single workweek where Plaintiff worked in excess of 40 hours, it is clear that Plaintiff has failed to meet the applicable pleading standard.

Further, Plaintiff pled that he held a position with the job title of Network Systems Engineer.[5] Based on Plaintiff's job title and his description of his duties, this is a type of position exempt from FLSA overtime requirements. *See* Exhibit "A" at ¶ 7. Both the FLSA and New York Labor Law exempt a person with Plaintiff's position and responsibilities from FLSA overtime requirements if that person's primary duties consist of the activities specifically exempted by the statute. *See* 29 U.S.C. § 213(a)(17); 12 N.Y.C.R.R. § 142-2.2; *Olorode v. Streamingedge, Inc.*, No. 11 Civ. 6934(GBD)(AJP), 2014 WL 3974581, at *2 (S.D.N.Y. Aug. 13, 2014). Plaintiff pled that he was a Network Systems Engineer primarily responsible for getting "the District up to date with current technology" to "grow and expand the District's technology footprint". *See* Exhibit "A" at ¶ 17. He also testified during his examination pursuant to General Municipal Law § 50-h that his main responsibilities were to perform "Network maintenance, server maintenance" and

---

[5]       BOCES incorporates Co-Defendant Massapequa Union Free School District's arguments with respect to Plaintiff's exemption from FLSA overtime requirements by reference. *See* Dckt. No. 33 at pg. 9-11.

"anything IT related". *See* Exhibit "B" at p. 38.  His primary responsibilities, therefore, clearly overlap with the duties explicitly exempted by the FLSA.  *See* 29 U.S.C. § 213(a)(17).  Thus, Plaintiff is ineligible to recover overtime wages under the FLSA.

**POINT IV:    PLAINTIFF'S ADA AND ADEA CLAIMS SHOULD BE DISMISSED**

**A.  Failure to Exhaust Administrative Remedies**

It is well-established that "in New York, filing a charge with the EEOC or the New York Division of Human Rights is an essential requirement to maintaining an action in federal court under the ADA" and that failure to exhaust these remedies will "generally bar any future judicial relief." *Herzog v. McLane Ne., Inc.*, 999 F. Supp. 274, 275 (N.D.N.Y. 1998) (citing *Butts v. City of New York Dep't of Housing,* 990 F.2d 1397, 1401 (2d Cir. 1993)).  The same applies to claims brought under the ADEA.  *See Tanvir v. New York City Health & Hosps. Corp.*, 480 F. App'x 620, 621 (2d Cir. 2012).

Here, Plaintiff has not pled, nor has he provided any evidence to indicate that he exhausted his administrative remedies with respect to his ADEA and ADA claims by either filing a charge with the EEOC or the New York State Division of Human Rights.  Therefore, he has failed to exhaust his administrative remedies. *Anderson v. Derby Bd. of Educ.*, 718 F. Supp. 2d 258, 271 (D. Conn. 2010); *Herzog*, 999 F. Supp. at 275; *Hamzik v. Office for People with Developmental Disabilities*, 859 F. Supp. 2d 265, 277 (N.D.N.Y. 2012); *Donahue v. Asia TV USA Ltd.,* 208 F. Supp. 3d 505, 513 (S.D.N.Y. 2016).  Further, he does not plead that he filed a charge with the EEOC within 300 days of the alleged discrimination.  Thus, dismissal of these claims is warranted. *See* 29 U.S.C. §§ 626(d), 633(b); *Bloom v. New York City Bd. of Educ. Teachers' Ret. Sys. of City of New York*, 2003 WL 1740528 (S.D.N.Y. 2003); *see also Predun v. Shoreham-Wading River*

*Sch. Dist.*, 489 F. Supp. 2d 223, 227 (E.D.N.Y. 2007); *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 906-07 (2d Cir. 1997); *Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 765 (2d Cir. 1998).

**B.  Failure to State a Claim under the ADA and the ADEA**

In order to adequately allege a claim for disability discrimination under the ADA, a plaintiff must establish that: (1) his employer is subject to the ADA; (2) he was disabled within the meaning of the ADA; (3) he was otherwise qualified to perform the essential functions of her job, with or without reasonable accommodation; and (4) he suffered adverse employment action because of his disability.  *Vale v. Great Neck Water Pollution Control Dist.*, 80 F. Supp. 3d 426, 433 (E.D.N.Y. 2015).  To establish a prima facie case of age discrimination under the ADEA, a plaintiff must show that, (1) "[he] was within the protected age group," (2) "[he] was qualified for the position," (3) "[he] experienced adverse employment action," and (4) "such action occurred under circumstances giving rise to an inference of discrimination." *Ehrbar v. Forest Hills Hosp.,* 131 F. Supp. 3d 5, 21 (E.D.N.Y. 2015); *see also Kessler v. Westchester Cty. Dep't of Soc. Servs.*, 461 F.3d 199, 205–06 (2d Cir. 2006) (quoting *Cifra v. General Electric Co.,* 252 F.3d 205, 216 (2d Cir. 2001).

Plaintiff implausibly pled both an ADA and an ADEA claim against BOCES because Plaintiff fails to sufficiently allege that BOCES was Plaintiff's employer, as defined in the respective acts.  The ADA and the ADEA prohibit discrimination by employers towards employees on either the basis of disability or age.  Plaintiff was an employee of CCSI from approximately 2006 until the termination of his employment. *See* Exhibit "A" at ¶ 26.  Plaintiff's Complaint clearly enunciates that the alleged events that led to his termination occurred while he was a CCSI employee and his allegations concerning disability and age discrimination occurred at the hands of at least one District employee, Robert Schilling.  Further, Plaintiff alleges he did not

14

have any interactions with BOCES officials or entered into a contract with BOCES and was led to believe that he was a District employee despite being an employee of CCSI.  *See* Exhibit "A" at ¶¶ 31-32.

Further, to the extent that Plaintiff could attempt to establish that BOCES functioned indirectly as his employer, the Second Circuit has sometimes applied an "interference liability theory" where liability could be established only if Plaintiff could sufficiently allege that BOCES "affirmatively interfered with or affected the plaintiff's direct employment or access to employment opportunities". *Yacklon v. E. Irondequoit Cent. Sch. Dist.*, 733 F. Supp. 2d 385, 389 (W.D.N.Y. 2010) (quoting *Gulino v. New York State Educ. Dep't*, 460 F.3d 361, 372 (2d Cir. 2006); *see also Spirt v. Teachers Insurance and Annuity Assoc.,* 691 F.2d 1054 (2d Cir.1982), *judgment vacated on other grounds,* 463 U.S. 1223, 103 S.Ct. 3565, 77 L.Ed.2d 1406 (1983).  Plaintiff's Verified Complaint, however, does not plead allegations to this effect.  Instead, Plaintiff pleads the opposite – that BOCES did not play any role in his employment other than providing him his paychecks.  Plaintiff does not plead that BOCES attempted to interfere or control the conditions of his employment in any way that could at least plausibly assert that BOCES functioned, in an indirect way, as his employer.  *See* Exhibit "A" at ¶ 31; compare with *United States v. New York State Dep't of Motor Vehicles*, 82 F. Supp. 2d 42, 48 (E.D.N.Y. 2000) ("For purposes of hiring drivers to transport the District's schoolchildren, Amboy and the District are "so closely intertwined" as to render the District an employer of the drivers for the purposes of the ADA").

Moreover, Plaintiff has failed to establish that BOCES functioned as an "agent" of CCSI, Plaintiff's employer.  Plaintiff does not plead that BOCES is an agent of the District/CCSI or vice versa.  Instead, Plaintiff only pleads (incorrectly) that he was to receive his paychecks from

BOCES and then accuses BOCES of a litany of financial-based charges unsupported by plausibly pled facts. Plaintiff also does not accuse BOCES of any discriminatory behavior related to his ADA claim. The only cited function that BOCES performed is to pay him. As BOCES did not exert additional control including supervision over day-to-day activities, providing him with employee benefits, or disable Plaintiff from performing his job duties, joint employer status is not present here.

Plaintiff has failed to sufficiently allege that BOCES is Plaintiff's employer. *See Yacklon*, 733 F. Supp. 2d at 388 ("An entity that is not the plaintiff's employer… cannot be held liable under the ADEA"). For the previously stated reasons, CCSI, not BOCES, is Plaintiff's employer as Plaintiff explicitly alleges throughout his Verified Complaint. Further, Plaintiff has also failed to sufficiently allege that BOCES functions as a "joint employer" and has instead pled the exact opposite.[6] *See* Exhibit "A" at ¶¶ 31-32; *Yacklon*, 733 F. Supp. 2d at 389 (citing *Woodman v. WWOR–TV, Inc.*, 411 F.3d 69, 89 (2d Cir.2005)) (quoting *N.L.R.B. v. Solid Waste Services, Inc.*, 38 F.3d 93, 94 (2d Cir. 1994)) ("where there is sufficient evidence that [the other entity] had immediate control over the [first] company's employees"). Even though Plaintiff alleges in his Verified Complaint that he was a District employee despite being a CCSI employee from 2006 until the termination of his employment, he never alleges that BOCES was ever his employer or any facts that could suggest that BOCES could be considered a "joint employer". Thus, Plaintiff's ADEA claim against BOCES must be dismissed.

---

[6]   The Second Court has previously employed a similar analysis of whether an entity can be considered a "joint employer" to that of whether an entity can be considered a "joint employer" under the FLSA. For the previously stated reasons, BOCES submits that it cannot be considered a "joint employer" nor an employer of Plaintiff. *See Yacklon*, 733 F. Supp. 2d at 389 (citing *Gulino v. New York State Educ. Dep't*, 460 F.3d 361, 372 (2d Cir. 2006).

16

**POINT V:**  **PLAINTIFF'S STATE LAW CLAIMS ARE SUBJECT TO DISMISSAL IF THE COURT CHOOSES TO EXERCISE SUPPLEMENTAL JURISDICTION**

If the Court chooses to exercise supplemental jurisdiction, the Court should dismiss Plaintiff's state law claims. Namely, Plaintiff's claims are time-barred or are inapplicable as applied to BOCES as BOCES is not Plaintiff's employer.

**Statute of Limitations**

Plaintiff has asserted numerous claims under New York law against BOCES. Those claims, however, are time-barred per N.Y. Educ. Law § 3813(2-b) which contains a one-year statute of limitations for cases brought against BOCES, except for tort actions. N.Y. Educ. Law 3813(2-b); *see also Regional Economic Community Action Program, Inc. v. Enlarged City Sch. Dist. of Middletown*, 18 N.Y.3d 474, 479 (2012); *Amorosi v. South Colonie Independent Cent. Sch. Dist.*, 9 N.Y.3d 367, 371-73 (2007). Plaintiff's tort claims are time-barred per N.Y. Gen. Mun. Law § 50-i(1), which contains a one-year and ninety-day statute of limitations for tort claims against municipal entities, including BOCES. As Plaintiff's employment was terminated in January 2016, the statute of limitations on Plaintiff's New York claims expired in April 2017. N.Y. Gen. Mun. L. § 50(i)(1). Thus, dismissal of all of Plaintiff's state law claims is warranted.

**Third and Fourth Causes of Action – Unlawful Interference**

Plaintiff's Third and Fourth Causes of Action assert that BOCES unlawfully interfered with an economic benefit, Plaintiff's employment benefits. It has been past held that a claim for unlawful interference under New York law is akin to a claim for tortious interference with a contract. *See Perkins Sch. for the Blind v. Maxi-Aids, Inc.*, 274 F. Supp. 2d 319, 328 (E.D.N.Y. 2003) (citing *Kleartex (U.S.A.), Inc. v. Kleartex SDN BHD*, No. 91 Civ. 4739, 1994 U.S. Dist. LEXIS 7996, at *4 (S.D.N.Y. May 11, 1994)). Thus, under New York Law, the plaintiff must plead:

"(1) a valid contract between plaintiff and a third party, (2) defendant's knowledge of the contract; (3) defendant's 'intentional inducement' of the third party to breach the contract, and (4) damages." *Wolff v. Rare Medium, Inc.,* 171 F.Supp.2d 354, 359 (S.D.N.Y.2001) (citing *Kronos, Inc. v. AVX Corp.,* 81 N.Y.2d 90, 612 N.E.2d 289, 292, 595 N.Y.S.2d 931 (1993)).

*Perkins Sch. for the Blind,* 274 F. Supp. 2d at 328.  Plaintiff has failed to allege that BOCES intentionally induced, or used wrongful means, for Plaintiff to breach his contract or to render performance of the contract.  *Id.*  In fact, Plaintiff never pleads that he breached his employment contract.  Instead, he alleges that District employees unlawfully decreased the rate of his pay and terminated him.  Thus, Plaintiff has failed to establish an unlawful interference claim.

### Fifth Cause of Action – Intentional and Negligent Infliction of Emotional Distress

### Intentional Infliction of Emotional Distress

Plaintiff, in his fifth cause of action, asserts that BOCES "intentionally or negligently" inflicted emotional distress.  To properly assert a claim for intentional infliction of emotional distress, Plaintiff "must establish (i) extreme and outrageous conduct, (ii) with the intent to cause emotional distress, (iii) a causal connection between the conduct and the alleged injury, and (iv) that he has suffered severe emotional distress".  *Rivera v. City of New York,* 392 F. Supp. 2d 644, 657–58 (S.D.N.Y. 2005).

Here, Plaintiff's claim cannot stand as "[i]t is well-settled that public policy bars claims sounding in intentional infliction of emotional distress against a governmental entity".  *Noel Pane v. Town of Greenburgh,* No. 07 CIV. 3216 (LMS), 2012 WL 12886971, at *6 (S.D.N.Y. Mar. 21, 2012) (quoting *Lauer v. City of New York,* 240 A.D.2d 543, 544 (2d Dep't 1997) (collecting cases); *see also Rivera,* 392 F. Supp. 2d 644, 657 (S.D.N.Y. 2005).  As BOCES is a governmental entity, Plaintiff's intentional infliction of emotional distress claim must be dismissed.

**Negligent Infliction of Emotional Distress**

To establish a prima facie case for negligent infliction of emotional distress, a plaintiff must sufficiently allege "(1) breach of a duty owed to the plaintiff, which breach either unreasonably endangered the plaintiff's physical safety or caused the plaintiff to fear for his or her physical safety; (2) extreme and outrageous conduct; (3) a causal connection between the conduct and the injury; and (4) severe emotional distress." *Smith v. City of New York*, No. 14-CV-4982, 2015 WL 4008642, at *2 (E.D.N.Y. June 30, 2015).

Here, Plaintiff has failed to sufficiently allege that BOCES owed him a duty nor has Plaintiff alleges what duty, if any, it could have owed him. As Plaintiff has not sufficiently alleged that BOCES owed him a duty, BOCES therefore could not have breached that duty or somehow "unreasonably endangered his physical safety, or caused him to fear for his own safety." *Sacino v. Warwick Valley Cent. Sch. Dist.*, 138 A.D.3d 717, 719 (2nd Dept. 2016). Thus, Plaintiff's fifth cause of action must be dismissed against BOCES.

**Seventh Cause of Action – Refusal to Pay Alleged Overtime Wages**

To the extent Plaintiff is alleging this cause of action against BOCES, it should be dismissed against BOCES as BOCES is not Plaintiff's employer. BOCES did not provide Plaintiff with his employment benefits, as he was a CCSI employee. Moreover, Plaintiff has failed to allege with specificity BOCES' alleged conduct and how it deprived him of any employment benefits.

**Eighth and Ninth Causes of Action – Conversion and Fraudulent Inducement**

Plaintiff asserts that BOCES committed the tort of conversion due to alleged refusing to pay overtime wages. To the extent Plaintiff is alleging this cause of action against BOCES, it should be dismissed against BOCES as Plaintiff has not plead with specificity that there is property in dispute that plaintiff has a possessory right in or that BOCES has acted "in derogation of

19

plaintiff's rights." *See McGregor v. McGregor*, 55 Misc. 3d 586, 593, 48 N.Y.S.3d 877, 883 (N.Y. Sup. Ct. 2017) ("The two essential elements of conversion are that the plaintiff has a possessory right or interest in the property in dispute and that the defendant's dominion over the property in dispute or interference with it, is in derogation of plaintiff's rights. The mere right to payment cannot be basis of a cause of action for conversion"). Further, as BOCES is not Plaintiff's employer, BOCES was not responsible for compensating Plaintiff for any alleged overtime wages.

Plaintiff's ninth cause of action asserts a claim of fraudulent inducement, a corollary to Plaintiff's unlawful interference claims. To assert a prima facie case for fraudulent inducement in New York, Plaintiff must plausibly assert: "(1) a knowingly false representation of a material fact; and (2) detrimental reliance thereon." *Xuchang Rihetai Human Hair Goods Co. v. Hanyu Int'l USA Inc.*, No. 00 CIV. 5585 (DLC), 2001 WL 883646, at *6 (S.D.N.Y. Aug. 7, 2001) (citing *National Union Fire Ins. Co. v. Worley,* 690 N.Y.S.2d 57, 61 (1st Dep't 1999)). Not only has Plaintiff not plausibly asserted either element, he has also failed to assert that BOCES made any representations at all to Plaintiff, especially considering the fact that BOCES is not Plaintiff's employer. Thus, Plaintiff's fraudulent inducement claim warrants dismissal.

## CONCLUSION

For all the foregoing reasons, BOCES respectfully requests that the Court grant the motion

to dismiss in its entirety.

Dated: White Plains, New York
       November 9, 2018

                                    Respectfully Submitted,

                                    SILVERMAN & ASSOCIATES

                           By:_____
                                    Lewis R. Silverman
                                    Joshua M. Goldstein
                                    Attorneys for Defendant, Nassau Board
                                    Of Cooperative Educational Services
                                    445 Hamilton Avenue, Suite 1102
                                    White Plains, New York 10601
                                    (914) 574-4510


To:    The Law Office of Jacob Fleitman, Esq.
       *Attorney for Plaintiff*
       2061 Deer Park Avenue
       Deer Park, NY 11729
       Attention: Jacob Fleitman, Esq.

       Sokoloff Stern LLP
       *Attorneys for Co-Defendant,*
       *Massapequa Union Free*
       *School District*
       179 Westbury Avenue
       Carle Place, NY 11514
       Attention: Mark A. Radi, Esq.

       Littler Mendelson, P.C.
       *Attorneys for Co-Defendant,*
       *Contemporary Computer*
       *Service, Inc.*
       290 Broadhollow Road
       Suite 305
       Melville, NY 11747
       Attention: Kelly C. Spina, Esq.