UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JOHN BENJAMIN SILVERSTEIN,   Docket No. 18-CV-4360 (JFB)(AKT)

                                Plaintiff,

-against-

MASSAPEQUA UNION FREE SCHOOL DISTRICT
(the "District"), NASSAU COUNTY BOARD OF
COOPERATIVE EDUCATION SERVICES ("BOCES"), and
CONTEMPORARY COMPUTER SERVICE, INC ("CCSI")

                                Defendants.
------------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT NASSAU BOARD OF COOPERATIVE EDUCATIONAL SERVICES' MOTION TO ENFORCE THE INDEMNIFICATION CLAUSE OF THE VENDOR SERVICE AGREEMENT

*Of Counsel:* Lewis R. Silverman, Esq.
               Joshua M. Goldstein, Esq

## TABLE OF CONTENTS

TABLE OF AUTHORITIES………………………………………………………………..iii

PRELIMINARY STATEMENT ................................................................................................1

STATEMENT OF FACTS AND PROCEDURAL HISTORY ..................................................1

STANDARD OF REVIEW………………………………………………………….…...2

ARGUMENT.............................................................................................................................4

    **POINT I**

    THE INDEMNIFICATION CLAUSE WAS PROPERLY INVOKED ………...........4

    **POINT II**

    THE INDEMNIFICATION CLAUSE IS CLEAR AND MUST
    BE ENFORCED………………………………………………………………………....6

CONCLUSION ........................................................................................................................7

# TABLE OF AUTHORITIES

**Cases**

*Abakan, Inc. v. Uptick Capital, LLC,*
  943 F. Supp. 2d 410 (S.D.N.Y. 2013)..................................................................................4
*Astoria Gen. Contracting Corp. v. Office of Comptroller of City of New York,*
  159 F. Supp. 3d 385 (S.D.N.Y. 2016)..................................................................................3
*Axiom Inv. Advisors, LLC by & through Gildor Mgmt., LLC v. Deutsche Bank AG,*
  234 F. Supp. 3d 526 (S.D.N.Y. 2017)..................................................................................3
*Bank of New York Tr. Co. v. Franklin Advisers, Inc.,*
  726 F.3d 269 (2d Cir. 2013).................................................................................................3
*BNP Paribas Mortg. Corp. v. Bank of Am., N.A.,*
  778 F. Supp. 2d 375 (S.D.N.Y. 2011)..................................................................................7
*Bradley v. Earl B. Feiden, Inc.,*
  8 N.Y.3d 265, 864 N.E.2d 600 (2007)............................................................................4, 6
*Chambers v. Time Warner, Inc.,*
  282 F.3d 147 (2d Cir. 2002).................................................................................................3
*Espinal v. City of New York,*
  107 A.D.3d 411, 967 N.Y.S.2d 29 (2013) ...........................................................................6
*Greenfield v. Philles Records, Inc.,*
  98 N.Y.2d 562, 750 N.Y.S.2d 565, 780 N.E.2d 166 (2002)................................................4
*Haynes v. Kleinewefers and Lembo Corp.,*
  921 F.2d 453 (2d Cir.1990)..................................................................................................7
*Hilton v. Bank of New York Mellon,*
  2016 WL 234851 (N.D.N.Y. Jan. 19, 2016)........................................................................3
*In re DDAVP Indirect Purchaser Antitrust Litig.,*
  903 F. Supp. 2d 198 (S.D.N.Y. 2012)..................................................................................3
*In re Miller's Launch, Inc.,*
  773 F. Supp. 2d 294 (E.D.N.Y. 2011) .................................................................................6
*Klos v. Lotnicze,*
  133 F.3d 164 (2d Cir.1997)..................................................................................................4
*LaSalle Bank Nat'l Ass'n v. Nomura Asset Capital Corp.,*
  424 F.3d 195 (2d Cir. 2005).................................................................................................5
*Law Debenture Trust Co. of N.Y. v. Maverick Tube Corp.,*
  595 F.3d 458 (2d Cir. 2010).................................................................................................5
*Levine v. Shell Oil Co.,*
  28 N.Y.2d 205, 321 N.Y.S.2d 81, 269 N.E.2d 799 [1971]..............................................4, 6
*Linarello v. City Univ. of New York,*
  6 A.D.3d 192, 774 N.Y.S.2d 517 (2004) .............................................................................6
*Lockheed Martin Corp. v. Retail Holdings, N.V.,*
  639 F.3d 63 (2d Cir.2011)....................................................................................................4
*Madeira v. Affordable Hous. Found., Inc.,*
  323 F. App'x 89 (2d Cir. 2009) ...........................................................................................7
*Oscar Gruss & Son, Inc. v. Hollander,*
  337 F.3d 186 (2d Cir. 2003).................................................................................................3

*Reinhardt v. Wal-Mart Stores, Inc.*,
  547 F. Supp. 2d 346 (S.D.N.Y. 2008) ................................................................................. 3
*Rodrigues v. N & S Bldg. Contrs., Inc.*,
  5 N.Y.3d 427, 805 N.Y.S.2d 299, 839 N.E.2d 357 [2005] .................................................. 4
*Schumacher v. Lutheran Cmty. Servs., Inc.*,
  177 A.D.2d 568, 576 N.Y.S.2d 162 (1991) ......................................................................... 4
*Structure Tone, Inc. v. Component Assembly Sys.*,
  275 A.D.2d 603, 713 N.Y.S.2d 161 (2000) ......................................................................... 6
*Vey v. Port Auth. of New York & New Jersey*,
  54 N.Y.2d 221, 429 N.E.2d 762 (1981) ............................................................................... 7
*Zurich Am. Ins. Co. v. ABM Indus.*,
  397 F.3d 158 (2d Cir. 2005) ................................................................................................. 6

## **Rules**

Fed. R. Civ. P. 4(m) ....................................................................................................................... 2

## PRELIMINARY STATEMENT

Defendant, Nassau Board of Cooperative Educational Services ("BOCES"), by and through its attorneys, Silverman & Associates, respectfully submits this Memorandum of Law in support of its Motion to Enforce the Indemnification Clause of the 2015-2016 Vendor Service Agreement ("the Agreement") between BOCES and Defendant Contemporary Computer Services, Inc. ("CCSI"). The plaintiff, a former CCSI employee, asserts claims under the Fair Labor Standards Act ("FLSA"), the Age Discrimination in Employment Act ("ADEA"), the Americans with Disabilities Act ("ADA"), as well as various state law claims such as claims brought under New York Labor Law, Nassau County Civil Service Law, wrongful termination, negligence, breach of contract, negligent misrepresentation, breach of fiduciary duty, intentional and negligent infliction of emotional distress, fraudulent inducement, and conversion. This case arises from allegations prior to and including Plaintiff's termination which occurred on or about January 8, 2016.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

In June 2015, BOCES and CCSI entered into the Agreement, which was in effect from July 1, 2015 to June 30, 2016. *See* Exhibit "A". The fifth section of that agreement (called "Other Terms and Conditions") includes a subsection called "Indemnification" which states:

> "Consultant hereby agrees to indemnify and hold harmless BOCES . . . and participating school districts/municipalities from all liabilities, claims, demands, judgments, recoveries, damages costs, and expenses (including reasonable attorneys' fees) arising out of or related to this Agreement or to its performance hereunder or for any personal injury or property damage arising out of or in connection with this Agreement or its performance hereunder, including but not limited to any act, error, omission, misstatement, misleading statement, neglect or breach of duty or warranty by Consultant, its officers, directors, employees, or agents related to the Agreement or in the performance of their obligations, duties and services provided with respect to this Agreement."

*See* Exhibit "A". Under the subsection called "Relationship of the Parties", CCSI agreed:

1

"to defend, indemnify and hold Nassau BOCES (and participating school districts and participating municipalities) harmless from any and all claims, damages, liability, attorney's fees and expenses on account of (i) any alleged failure to satisfy such obligations or (ii) which may arise from or be related to this Agreement or the performance of services hereunder by Consultant, its officers, employees or agents."

*See* Exhibit "A". Plaintiff's employment was terminated on or about January 8, 2016. Plaintiff filed a Notice of Claim on March 18, 2016. On May 26, 2016, BOCES notified CCSI's counsel that it was invoking the indemnification clause of the Agreement wherein CCSI must indemnify and/or defend and hold BOCES and the Massapequa Union Free School District, the "participating school district", harmless against Plaintiff's alleged claim. On June 13, 2016, CCSI notified BOCES by letter that it refused to tender the defense of the litigation.

Plaintiff filed his first federal action on March 8, 2017. *See Silverstein v. Nassau BOCES*, et al., No. 17-cv-1328 (DRH)(SIL). On May 31, 2018, the Court dismissed that matter per Fed. R. Civ. P. 4(m). Plaintiff subsequently filed a nearly-identical complaint in New York State Supreme Court, Nassau County on March 28, 2018 and served BOCES with the Summons and Verified Complaint on July 24, 2018. On August 1, 2018, BOCES removed the action to the United States District Court for the Eastern District of New York. On August 17, 2018, BOCES again notified CCSI's counsel by letter that it was invoking the indemnification clause in the fifth section of the Agreement wherein CCSI must indemnify and/or defend and hold BOCES and the Massapequa Union Free School District harmless against Plaintiff's alleged claim. On September 12, 2018, CCSI again notified BOCES that it refused to tender the defense of the litigation. A pre-motion conference was held before Judge Joseph F. Bianco on October 2, 2018.

### STANDARD OF REVIEW

Generally, courts are reticent to consider matters or documents outside the four corners of the complaint save for the following types of documents which may be considered without causing the Court to employ the standard set for summary judgment motions:

2

"(1) documents attached as an exhibit to the complaint or answer, (2) documents incorporated by reference in the complaint (and provided by the parties), (3) documents that, although not incorporated by reference, are "integral" to the complaint, or (4) any matter of which the court can take judicial notice for the factual background of the case."

*Hilton v. Bank of New York Mellon*, No. 1:15-CV-0667-GTS, 2016 WL 234851, at *6 (N.D.N.Y. Jan. 19, 2016).

In the case at bar, the existence of a relationship between BOCES and CCSI is explicitly referred to throughout the Complaint and the Vendor Service Agreement is referred to in Plaintiff's Complaint. *See* Exhibit "B" at ¶¶ 1, 26-29, 31, 42-44. Therefore, the Agreement would be incorporated by reference. *See Reinhardt v. Wal-Mart Stores, Inc.*, 547 F. Supp. 2d 346, 354 (S.D.N.Y. 2008). In the event the Court believes the Agreement not to be incorporated by reference, the Agreement would qualify as a document "integral" to the Complaint. By virtue of Plaintiff's references to the relationship between BOCES and CCSI, the Complaint therefore relies upon the Agreement and its terms to a degree where it could be considered "integral" to the Complaint. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002); *Axiom Inv. Advisors, LLC by & through Gildor Mgmt., LLC v. Deutsche Bank AG*, 234 F. Supp. 3d 526, 533 (S.D.N.Y. 2017). Further, the Court could also take judicial notice of the Agreement, as it is a publicly available document referenced in the Complaint. *See* Exhibit "B" at ¶ 1; *see also In re DDAVP Indirect Purchaser Antitrust Litig.*, 903 F. Supp. 2d 198, 208 (S.D.N.Y. 2012). As BOCES and CCSI would not have had a contractual relationship were it not for the Agreement, it is clearly a document from which Court could take judicial notice. *See Astoria Gen. Contracting Corp. v. Office of Comptroller of City of New York*, 159 F. Supp. 3d 385, 389 n. 1 (S.D.N.Y. 2016)

It is well-established that indemnification clauses "should be read to implement the parties' intentions, to the extent possible". *Bank of New York Tr. Co. v. Franklin Advisers, Inc.*, 726 F.3d

3

269, 283 (2d Cir. 2013) (citing *Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d 186, 199 (2d Cir. 2003). "Moreover, an indemnification clause will be enforced if the parties' intent to indemnify is "sufficiently clear and unambiguous." *Bradley v. Earl B. Feiden, Inc.*, 8 N.Y.3d 265, 274–75, 864 N.E.2d 600, 605–06 (2007) (quoting *Rodrigues v. N & S Bldg. Contrs., Inc.*, 5 N.Y.3d 427, 433, 805 N.Y.S.2d 299, 839 N.E.2d 357 [2005]). Courts are discouraged from interpreting an indemnification provision to the extent that it would then be rendered meaningless. *Bradley*, 8 N.Y.3d at 274–75 (citing *Levine v. Shell Oil Co.*, 28 N.Y.2d 205, 212, 321 N.Y.S.2d 81, 269 N.E.2d 799 [1971]). Further, an indemnification clause will be enforced if it is clear. *Bradley*, 8 N.Y.3d at 274–75 (citing *Levine*, 28 N.Y.2d at 210); *Schumacher v. Lutheran Cmty. Servs., Inc.*, 177 A.D.2d 568, 569, 576 N.Y.S.2d 162, 163 (1991).

## ARGUMENT

**POINT I:    THE INDEMNIFICATION CLAUSE WAS PROPERLY INVOKED**

Under New York law, a Court must interpret a contract with the objective of giving proper effect to the "expressed intention of the parties." *Abakan, Inc. v. Uptick Capital, LLC*, 943 F. Supp. 2d 410, 414 (S.D.N.Y. 2013) (citing *Lockheed Martin Corp. v. Retail Holdings, N.V.*, 639 F.3d 63, 69 (2d Cir.2011) (*quoting Klos v. Lotnicze*, 133 F.3d 164, 168 (2d Cir.1997)). It is well understood that "the best evidence of what parties to a written agreement intend is what they say in their writing." *Id.* (citing *Greenfield v. Philles Records, Inc.*, 98 N.Y.2d 562, 750 N.Y.S.2d 565, 569, 780 N.E.2d 166 (2002) (internal quotation marks omitted). Concerning contract interpretation, "the threshold question is whether the contract is ambiguous." *Lockheed Martin Corp.*, 639 F.3d at 69. Further, in interpreting contracts under New York law, "words and phrases ... should be given their plain meaning, and the contract should be construed so as to give full meaning and effect to all of its provisions" and courts cannot add or excise terms so as to give the

4

contract a different meaning than intended by the parties. *Abakan, Inc.*, 943 F. Supp. 2d at 414 (quoting *LaSalle Bank Nat'l Ass'n v. Nomura Asset Capital Corp.*, 424 F.3d 195, 206 (2d Cir. 2005); *Law Debenture Trust Co. of N.Y. v. Maverick Tube Corp.*, 595 F.3d 458, 467 (2d Cir. 2010).

In June 2015, BOCES and CCSI entered into the Agreement wherein CCSI agreed:

> "to defend, indemnify and hold Nassau BOCES (and participating school districts and participating municipalities) harmless from any and all claims, damages, liability, attorney's fees and expenses on account of (i) any alleged failure to satisfy such obligations or (ii) which may arise from or be related to this Agreement or the performance of services hereunder by Consultant, its officers, employees or agents."

*See* Exhibit "A". Plaintiff was an IT consultant employed by CCSI for numerous years prior to his termination. CCSI, through Plaintiff, serviced the District's IT needs for most of the duration of the 2015-2016 agreement between CCSI and BOCES. Plaintiff's Complaint includes numerous allegations concerning conduct that occurred during his tenure at CCSI up until his termination in January 2016. Plaintiff's Complaint also contains allegations of events that occurred during the tenure of the 2015-2016 agreement between CCSI and BOCES.

The facts of Plaintiff's Complaint clearly demonstrate that the alleged discriminatory conduct at issue arose from or is related to the Agreement. While Plaintiff performed IT services for the District prior to becoming a CCSI employee, most of the events alleged in Plaintiff's Complaint took place during Plaintiff's time as a CCSI employee who performed consulting services for the District. That very fact indicates how the alleged discriminatory actions at the heart of this case arose from or are related to the Agreement. Simply put, Plaintiff would not have been working as an IT consultant for the District during the time of the alleged discriminatory behavior were it not for the Agreement, which represented the contractual relationship between CCSI and the District. Were it not for the Agreement, Plaintiff would also not have been able to perform IT services for the District. Therefore, this litigation arose out of conduct "related to this

5

Agreement or to its performance hereunder". As this provision of the Agreement is unambiguous, the Agreement's indemnification clause was properly invoked.

**POINT II:   THE INDEMINIFICATION CLAUSE IS CLEAR AND MUST BE ENFORCED**

An indemnification clause must be enforced so long as the language of the indemnification agreement expresses the agreement of the parties in a clear and unambiguous manner. *See Linarello v. City Univ. of New York*, 6 A.D.3d 192, 193, 774 N.Y.S.2d 517, 518–19 (2004); *Bradley v. Earl B. Feiden, Inc.*, 8 N.Y.3d 265, 275, 864 N.E.2d 600, 606 (2007)("As we stated…if the indemnitor "had reservations as to the scope of the agreement, he should have insisted on a different indemnification clause or refused to give his assent to the contract") (citing *Levine v. Shell Oil Co.*, 28 N.Y.2d 205, 212 (2007)); *Structure Tone, Inc. v. Component Assembly Sys.*, 275 A.D.2d 603, 603–04, 713 N.Y.S.2d 161, 162 (2000); *Espinal v. City of New York*, 107 A.D.3d 411, 412, 967 N.Y.S.2d 29, 30 (2013). A court will only consider a provision of a contract to be ambiguous when "a contract is capable of more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement and who is cognizant of the customs, practices, usages and terminology as generally understood in the particular trade or business." *In re Miller's Launch, Inc.*, 773 F. Supp. 2d 294, 296 (E.D.N.Y. 2011) (quoting *Zurich Am. Ins. Co. v. ABM Indus.*, 397 F.3d 158, 164 (2d Cir. 2005).

Here, the language of the Agreement is clear. Per the unambiguous language in the Agreement, CCSI must indemnify and hold harmless BOCES and the District from all claims arising out of or related to the Agreement. The allegations in Plaintiff's Complaint clearly arose out of conduct that occurred as a result of or due to the contractual relationship established by the Agreement. By virtue of Plaintiff's having provided IT consulting services at the District, Plaintiff's very presence at the District occurred as a result of the contractual relationship

6

established by the Agreement. Moreover, as the language in the indemnification clause is broad, the parties clearly intended for CCSI to indemnify BOCES for a range of claims, including the claims alleged in Plaintiff's Complaint. *See Vey v. Port Auth. of New York & New Jersey*, 54 N.Y.2d 221, 226–27, 429 N.E.2d 762, 764 (1981). The indemnification clause does not include any noticeable caveats and therefore encompasses all conduct alleged up to and including the allegations concerning Plaintiff's termination. Any other suggested interpretation could only occur as part of an effort to dilute the effectiveness of the indemnification clause or misconstrue the legal obligations agreed to in the Agreement. *See Madeira v. Affordable Hous. Found., Inc.*, 323 F. App'x 89, 91 (2d Cir. 2009) ("New York law clearly "disfavors interpretations that render contract provisions meaningless or superfluous"); *BNP Paribas Mortg. Corp. v. Bank of Am., N.A.*, 778 F. Supp. 2d 375, 415 (S.D.N.Y. 2011) (quoting *Haynes v. Kleinewefers and Lembo Corp.*, 921 F.2d 453, 456 (2d Cir.1990) ("Under New York law, indemnification clauses 'must be strictly construed so as not to read into [them] any obligations the parties never intended to assume.'") Thus, the indemnification clause is valid and must be enforced.

## CONCLUSION

For all the foregoing reasons, BOCES respectfully requests that the Court order that the indemnification clause of the Agreement be enforced in its entirety.

Dated: White Plains, New York
      November 9, 2018

                                      Respectfully Submitted,

                                      SILVERMAN & ASSOCIATES

                            By:_____
                                  Lewis R. Silverman
                                  Joshua M. Goldstein
                                  Attorneys for Defendant Nassau Board
                                  Of Cooperative Educational Services
                                  445 Hamilton Avenue, Suite 1102
                                  White Plains, New York 10601

To: The Law Office of Jacob Fleitman, Esq.
*Attorney for Plaintiff*
2061 Deer Park Avenue
Deer Park, NY 11729
Attention: Jacob Fleitman, Esq.

Sokoloff Stern LLP
*Attorneys for Co-Defendant*
*Massapequa Union Free*
*School District*
179 Westbury Avenue
Carle Place, NY 11514
Attention: Mark A. Radi, Esq.

Littler Mendelson, P.C.
*Attorneys for Co-Defendant*
*Contemporary Computer*
*Service, Inc.*
290 Broadhollow Road
Suite 305
Melville, NY 11747
Attention: Kelly C. Spina, Esq.