UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN BENJAMIN SILVERSTEIN, | Civil Action No.: 18-cv-04360 (JFB)(AKT) |
| Plaintiff, | |
| -against- | |
| MASSAPEQUA UNION FREE SCHOOL DISTRICT (the "District"), NASSAU COUNTY BOARD OF COOPERATIVE EDUCATION SERVICES ("BOCES"), and CONTEMPORARY COMPUTER SERVICE, INC. ("CCSI"), | |
| Defendants. | |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT BOARD OF COOPERATIVE EDUCATION SERVICES' MOTION TO ENFORCE THE INDEMNIFICATION CLAUSE OF THE VENDOR SERVICE AGREEMENT**

By:
John T. Bauer
Kelly C. Spina
LITTLER MENDELSON, P.C.
290 Broadhollow Road
Suite 305
Melville, NY  11747
631.247.4700

*Attorneys for Defendant*
 *Contemporary Computer Services, Inc.*

## TABLE OF CONTENTS

PAGE

PRELIMINARY STATEMENT ................................................. 1

STATEMENT OF FACTS AND RELEVANT PROCEDURAL HISTORY ............. 1

ARGUMENT ................................................................ 2

I.  BOCES' MOTION IS PROCEDURALLY IMPROPER AND PREMATURE.............. 2

    A.  BOCES' Motion Fails to Comply With Local Rule 7.1 ....................... 2

    B.  BOCES' Motion is Premature ................................................ 3

II.  IT IS AGAINST PUBLIC POLICY TO INDEMNIFY ANOTHER PARTY FOR ITS INTENTIONAL ACTS ......................................................... 4

III.  AS A MATTER OF LAW, CCSI CANNOT INDEMNIFY BOCES OR THE DISTRICT FOR LIABILITIES UNDER THE FLSA OR NYLL .................. 6

IV.  THE AGREEMENT DOES NOT REQUIRE CCSI TO INDEMNIFY BOCES FOR ITS OWN BAD ACTS........................................................ 7

CONCLUSION................................................................ 9

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*American Home Assur. Co. v. Panalpina, Inc.*,
  07-cv-10947 (BSJ), 2011 WL 666388 (S.D.N.Y. Feb. 16, 2011) ...........................................4

*Austro v. Niagara Mohawk Power Corp.*,
  66 N.Y.2d 674 (1985) ...........................................................................................................4

*Bank of New York Tr. Co. v. Franklin Advisers, Inc.*,
  726 F. 3d 269 (2013) ............................................................................................................8

*Barbagallo v. Marcum LLP*,
  11-cv-1358, 2012 WL 1664238 (E.D.N.Y. May 11, 2012) ....................................................4

*Citibank, N.A. v. Super Sayin' Publishing, LLC*,
  14-cv-5841 (SHS), 2017 WL 946348 (S.D.N.Y. Mar. 1, 2017) ............................................3

*Eckhoff v. Wal-Mart Assoc., Inc.*,
  13-cv-2395 (CS), 2013 WL 6847117 (S.D.N.Y. Dec. 30, 2013) ...........................................8

*Gustafson v. Bell Atl. Corp.*,
  171 F. Supp. 2d 311 (S.D.N.Y. 2011) .....................................................................................7

*Herman v. RSR Sec. Servs. Ltd.*,
  172 F.3d 132 (2d Cir. 1999) ..................................................................................................6

*Hilton v. Bank of New York Mellon*,
  15-cv-0667 (GTS), 2016 WL 234851 (N.D.N.Y. Jan. 19, 2016) ...........................................3

*Hooper Assoc. v. AGS Computers*,
  74 N.Y.2d 487 (1989) ...........................................................................................................8

*Madeira v. Affordable Housing Foundation, Inc.*,
  323 F. Appx. 89 (2d Cir. 2009) .............................................................................................3

*Nazario v. Promed Personnel Services NY Inc.*,
  15-cv-6989 (LGS), 2017 WL 2664202 (S.D.N.Y. June 19, 2017) .........................................3

*Pub. Serv. Mut. Ins. v. Goldfarb*,
  53 N.Y.2d 392 (1981) .......................................................................................................5, 6

*St. Paul Fire and Marine Ins. Co. v. Universal Builders Supply*,
  409 F. 3d 73 (2d Cir. 2005) ...................................................................................................4

**Statutes**

Fair Labor Standards Act ........................................................................................1, 2, 5, 6, 7

New York Labor Laws ........................................................................................................1, 7

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) ..........................................................................................................3

Fed. R. Civ. P 12(c) ................................................................................................................3

Local Civil Rule 7.1 ............................................................................................................1, 2

## PRELIMINARY STATEMENT

Defendant Contemporary Computer Services, Inc. (named in the Complaint as "Contemporary Computer Service, Inc." and hereinafter "CCSI"), by and through its attorneys Littler Mendelson, P.C., submits this Memorandum of Law in opposition to Defendant Nassau Board of Cooperative Educational Services' ("BOCES") motion to enforce the indemnification clause of the 2015-2016 Vendor Services Agreement ("Agreement") between BOCES and CCSI.

As an initial matter, BOCES' motion is premature because no judgment has been entered for which BOCES can be liable. Further, the motion violates Local Rule 7.1 for failing to "specify the applicable rule or statutes pursuant to which the motion is brought." Even if the motion were procedurally proper, it must be denied on the merits because the Agreement does not, and cannot, require CCSI to indemnify BOCES or other third parties for their own intentional wrongdoing. To hold otherwise would violate the public policy of the State of New York. Moreover, a party may not seek indemnification for its own liability under the Fair Labor Standards Act or New York Labor Law, nor may it obtain indemnification for its own negligence absent explicit contractual language which is absent here. For all of the foregoing reasons, and as more fully set forth below, BOCES' motion must be denied.

## STATEMENT OF FACTS AND RELEVANT PROCEDURAL HISTORY

In this action, Plaintiff alleges that he worked as a Network Systems Engineer for Defendant Massapequa Union Free School District (the "District") from 2001-2016. *See* Plaintiff's Complaint ("Compl.", Dkt. No. 1), ¶¶ 6, 16, 19, 20, 33. Plaintiff reported to District employees who supervised his day-to-day work activities, provided him with equipment for the performance of his duties, monitored his time and attendance, and evaluated his performance. Compl., ¶¶ 18-22. After his first five years of employment, Plaintiff alleges that the District required him to incorporate and begin receiving paychecks from BOCES, as recommended by

the District's auditors.  Compl., ¶¶ 26-27.  Thereafter, Plaintiff incorporated and continued to perform work for the District.  Compl., ¶¶ 30-31.

CCSI is an information technology ("IT") services provider that contracted with BOCES to provide IT services to BOCES' affiliated schools, including the District.  Silverman Dec., Ex. A.  In that Agreement, CCSI agreed to indemnify BOCES and the District, for "any act, error, omission, misstatement, misleading statement, neglect or breach of duty or warranty **by Consultant [CCSI]**" in connection with the services provided pursuant to the Agreement.  *Id.* (emphasis supplied).

Plaintiff filed a Complaint in the New York State Supreme Court, Nassau County, which BOCES removed to the United States District Court, Eastern District of New York on August 1, 2018.  In that Complaint, Plaintiff alleges Defendants BOCES, CCSI, and the District willfully violated the Fair Labor Standards Act ("FLSA") by failing to pay him overtime, intentionally and/or negligently inflicted emotional distress upon him, and intentionally deprived him of constitutional and statutory rights, among other things.  Compl., ¶¶ 45, 66, 72.  Plaintiff further alleges that the District unlawfully terminated him in violation of federal and state employment laws.  *Id.*, ¶¶ 69-70.  Each defendant has filed a motion to dismiss the Complaint.  By this motion, BOCES seeks indemnification from CCSI on behalf of BOCES and the District based upon the indemnification clause in the Agreement.

## **ARGUMENT**

## I.    **BOCES' MOTION IS PROCEDURALLY IMPROPER AND PREMATURE**

### A.    **BOCES' MOTION FAILS TO COMPLY WITH LOCAL RULE 7.1**

Local Civil Rule 7.1(a)(1) requires every motion to include "[a] notice of motion… which shall specify the applicable rules or statutes pursuant to which the motion is brought…"  A court may deny a motion which fails to comply with this procedural requirement.  *See*, *e.g.*,

*Citibank, N.A. v. Super Sayin' Publishing, LLC*, 14-cv-5841 (SHS), 2017 WL 946348, at *1 (S.D.N.Y. Mar. 1, 2017).  Here, CCSI fails to identify any rule or statute upon which its motion is based.  This is the first of many reasons why BOCES' motion for indemnification should be denied.

In proposing the proper standard of review for this motion, BOCES improperly relies upon *Hilton v. Bank of New York Mellon*, a Northern District of New York case in which the plaintiff appealed a Bankruptcy Judge's dismissal of the plaintiff's complaint, and a line of similar cases.  15-cv-0667 (GTS), 2016 WL 234851, at *6 (N.D.N.Y. Jan. 19, 2016) (stating the standard for considering documents outside the complaint in the context of a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P 12(c)).  Presently before the Court, however, is a motion for indemnification, not dismissal.  Quite simply, the *Bank of New York Mellon* case in inapposite to BOCES' motion.

BOCES has not asserted any claims against CCSI (nor has CCSI asserted any claims against BOCES) so there is no basis for the Court to analyze whether the Agreement -- which was not attached to (or even identified in) the Complaint -- can be considered on a motion to dismiss.  It is clear that BOCES cannot articulate a statute or rule upon which its motion is based, because there exists no lawful basis or procedural mechanism for such a motion.

### B.    BOCES' MOTION IS PREMATURE

Where, as here, there has been no determination of liability of a plaintiff's underlying claims, a defendant's motion for indemnification is premature. *Madeira v. Affordable Housing Foundation, Inc.*, 323 F. Appx. 89, 91 (2d Cir. 2009) (this case, cited by BOCES, properly held that "a right to indemnification against liability arises when judgment is entered" on the underlying claim); *Nazario v. Promed Personnel Services NY Inc.*, 15-cv-6989 (LGS), 2017 WL 2664202, at *10 (S.D.N.Y. June 19, 2017) (denying defendant's motion for summary judgment

on indemnification cross-claim in an employment discrimination case as premature because, absent limited exception not applicable here, indemnification claims do not ripen until after a judgment in the underlying action is paid) (citation omitted); *American Home Assur. Co. v. Panalpina, Inc.*, 07-cv-10947 (BSJ), 2011 WL 666388, at *7 (S.D.N.Y. Feb. 16, 2011) ("As there has been no determination of liability, any determination regarding indemnification owed by [third-party defendant] to [defendant] must await the outcome of trial").  In each of the foregoing cases, a defendant moved for summary judgment against a co-defendant or third-party defendant with respect to a cause of action for indemnification and each motion was denied as premature given that liability for the underlying claims had not yet been established.

Here, BOCES has not asserted a separate indemnification claim against CCSI.  Instead, it seeks to move to enforce an indemnification provision within the context of another lawsuit, and this attempted shortcut must be denied as premature.

## II.   IT IS AGAINST PUBLIC POLICY TO INDEMNIFY ANOTHER PARTY FOR ITS INTENTIONAL ACTS

Even if BOCES' motion were procedurally proper, it must nonetheless be dismissed because public policy prohibits the application of indemnification agreements to intentional acts. *St. Paul Fire and Marine Ins. Co. v. Universal Builders Supply*, 409 F. 3d 73, 86 (2d Cir. 2005) (recognizing that indemnity contracts which "purport to indemnify a party for damages flowing from an injury that was intentional" are contrary to public policy); *Barbagallo v. Marcum LLP*, 11-cv-1358, 2012 WL 1664238, at *4 (E.D.N.Y. May 11, 2012) ("New York law does not permit a party to indemnify itself against its own intentional torts"); *Austro v. Niagara Mohawk Power Corp.*, 66 N.Y.2d 674, 676 (1985) ("Indemnification agreements are unenforceable as violative of public policy only to the extent that they purport to indemnify a party for damages flowing from the intentional causation of injury").  As declared by the New York Court of

Appeals, "[o]ne who intentionally injures another may not be indemnified for any civil liability thus incurred." *Pub. Serv. Mut. Ins. v. Goldfarb*, 53 N.Y.2d 392, 398 (1981).  In that case, a dentist sought indemnification from his insurance carrier with respect to claims of sexual assault brought by a patient.  *Id*. at 812. The insurance policy explicitly covered "assault" and "undue familiarity," which reflected the parties' intent to afford coverage for sexual assault claims.  *Id*. The Court of Appeals, however, recognized that "[a]n agreement between two private parties, no matter how explicit, cannot change the public policy of this State," which is that a party may not contract away his liability for his own intentional injurious acts.  *Id*.

Here, Plaintiff alleges that the District and BOCES intentionally and negligently inflicted emotional distress upon him, intentionally deprived him of constitutional and statutory rights, and willfully violated the FLSA and state law by allegedly failing to pay him overtime, among other things.  Compl. ¶¶ 45, 66, 72.  By this motion, BOCES asks the Court to require CCSI to indemnify BOCES and the District for their actions or inactions associated with Plaintiff's claims.  This application is based solely upon the Agreement between CCSI and BOCES in which CCSI agreed:

> to defend, indemnify and hold Nassau BOCES (and participating school districts and participating municipalities) harmless from any and all claims, damages, liability, attorney's fees and expenses on account of (i) any alleged failure to satisfy such obligations or (ii) which may arise from or be related to this Agreement or the performance of services hereunder by Consultant, its officers, employees or agents.

Silverman Dec., Ex. A, ¶ 5 Relationship of the Parties.  The Agreement also provided that CCSI would indemnify BOCES "and participating school districts/municipalities" for:

> liabilities… arising out of or related to this Agreement or to its performance hereunder or for any personal injury or property damage arising out of or in connection with this Agreement or its performance hereunder, including but not limited to any act, error,

> omission, misstatement, misleading statement, neglect or breach of
> duty or warranty by Consultant [CCSI], its officers, directors,
> employees, or agents related to the Agreement or in the
> performance of their obligations, duties and services provided with
> respect to this Agreement.

Silverman Dec., Ex. A, ¶ 5 <u>Indemnification</u>.  However, this language does not, and cannot, in any way contractually obligate CCSI to indemnify BOCES and/or the District for their own intentional bad acts.  Indeed, "to allow such indemnity would be to violate the fundamental principle that no one shall be permitted to take advantage of his own wrong.  *Pub. Serv. Mut. Ins.*, 53 N.Y.2d at 400.

The allegations in the Complaint make clear that Plaintiff alleges BOCES and the District intentionally caused him harm.  For example, Plaintiff alleges that: "BOCES conspired with, and aided and abided [sic] the District to conceal Plaintiff's employment status from being recorded properly in the books and records of the District" (Compl. ¶ 28); "Plaintiff was wrongfully terminated by the District" (Compl. ¶ 40); and "[t]he District, BOCES, and CCSI intentionally and in violation of its own rules, as well as, the state and federal law, misclassified Plaintiff as a '1099' independent contractor (a '1099') to avoid the proper tax withholdings, thereby, defrauding the State and federal tax agencies, as well as, the Claimant" ((Compl. ¶ 42).  Since a party may not be indemnified for their own intentional wrongdoing, CCSI cannot be required to indemnify BOCES and/or the District with respect to Plaintiff's claims that BOCES and the District intentionally violated his statutory and/or common law rights.

## III.   <u>AS A MATTER OF LAW, CCSI CANNOT INDEMNIFY BOCES OR THE DISTRICT FOR LIABILITIES UNDER THE FLSA OR NYLL</u>

The Second Circuit has held that there is "no right of contribution or indemnification for employers found liable under the FLSA."  *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 143-44 (2d Cir. 1999).  The reasoning in *Herman*, that allowing indemnification would permit a party to

contract away their statutory obligations under the FLSA, has since been recognized as similarly prohibiting indemnification for liability under the NYLL. *See, e.g.*, *Gustafson v. Bell Atl. Corp.*, 171 F. Supp. 2d 311, 328, n. 8 (S.D.N.Y. 2011) (finding that "the same reasoning holds for similar provisions of New York Labor Laws" because "the New York laws are similar to the federal statute").

In *Gustafson*, the plaintiff alleged he was improperly classified as an independent contractor in connection with chauffeur services he provided to Bell Atlantic Corporation, and sought unpaid wages under the FLSA and NYLL. *Id*. at 316. Bell Atlantic then initiated a third party action against the company who engaged the plaintiff, J.A.G. Services, Inc., with whom it had a contract providing that J.A.G. "shall…indemnify… the Telephone Company… from and against losses, claims, demands, payments, suits, actions, recoveries, and judgment of all nature and description, out of or in any manner caused by the performance of any services or the providing of any materials under this agreement by Contractor." *Id*. at 327, n. 7. The court nonetheless held that, "[e]ven assuming [the contractual indemnitor] were found culpable for FLSA violations as plaintiff's 'co-employer,' the right to indemnification is still absent." *Id*. This is because a party cannot contract away its statutory obligations under the FLSA and/or NYLL. Accordingly, CCSI cannot, as a matter of law, be required to indemnify BOCES and/or the District for alleged FLSA or NYLL claims.

## IV.   THE AGREEMENT DOES NOT REQUIRE CCSI TO INDEMNIFY BOCES FOR ITS OWN BAD ACTS

In addition to the host of intentional claims discussed above, Plaintiff also asserts that the Defendants subjected him to negligence, negligent misrepresentation, and negligent infliction of emotional distress. Compl. ¶¶ 5, 66. Any contention that CCSI must indemnify BOCES and the District for each of these claims is improper. New York law makes clear that "indemnity

provisions will not be construed to indemnify a party against his own negligence unless such intention is expressed in unequivocal terms." *Eckhoff v. Wal-Mart Assoc., Inc.*, 13-cv-2395 (CS), 2013 WL 6847117, at *3 (S.D.N.Y. Dec. 30, 2013). As recognized by BOCES in its moving papers, "[i]t is well-established that indemnification clauses 'should be read to implement the parties' intentions, to the extent possible." BOCES' memo of law, p. 3 (citing *Bank of New York Tr. Co. v. Franklin Advisers, Inc.*, 726 F. 3d 269, 283 (2013). This means that, "[w]hen a party is under no legal duty to indemnify, a contract assuming that obligation must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed." *Hooper Assoc. v. AGS Computers*, 74 N.Y.2d 487, 491 (1989) ("The promise [to indemnify] should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding facts and circumstances.").

The Agreement is silent with respect to indemnification for negligent acts by BOCES or the District (instead affording indemnification only for "any act, error, omission, misstatement, misleading statement, neglect or breach of duty or warranty by Consultant [CCSI], its officers, directors, employees, or agents related to this Agreement or in the performance of their obligations, duties and services provided"). This language makes clear that the parties intended for CCSI to indemnify BOCES and the District for claims arising out of CCSI's performance under the Agreement, not for the wrongful actions of BOCES or the District. At a minimum, it is not "unequivocal" that CCSI agreed to indemnify BOCES and/or the District under these circumstances.

BOCES disingenuously asserts that Plaintiff's claims arise out of or relate to the Agreement because Plaintiff was "employed by CCSI" and that "very fact" warrants enforcement of the indemnification Agreement. However, BOCES tellingly omits any citations

to the Complaint or other evidence to support this false assertion. Plaintiff was never employed by CCSI and Plaintiff alleged as much in his Complaint. Compl. ¶¶ 31, 32, 69. As a result, it is not clear and unambiguous that Plaintiff's claims even arise out of or relate to the Agreement, much less that CCSI is required to indemnify BOCES or the District. It would be improper for the Court to make such an assumption because, as recognized by BOCES, "[u]nder New York law, indemnification clauses 'must be strictly construed so as not to read into [them] any obligations the parties never intended to assume.'" BOCES memo of law, p. 7. This is precisely why CCSI cannot be required to indemnify BOCES or the District. Where the Agreement does not expressly address whether wrongful acts of BOCES or the District must be indemnified, CCSI cannot be found to have assumed this added liability. Accordingly, BOCES' motion for indemnification must be dismissed.

## CONCLUSION

Based upon all of the foregoing, it is clear that BOCES has not properly advanced its motion for indemnification and, even if it had, such relief would violate public policy, flout the purpose of federal and state wage laws, and be contrary to the plain terms of the Agreement. CCSI respectfully requests that this Court deny BOCES' motion in its entirety, together with such other and further relief as the Court deems just and proper.

Date:   February 15, 2019
         Melville, New York

_s/ Kelly C. Spina_
John T. Bauer
Kelly C. Spina
**LITTLER MENDELSON, P.C.**
290 Broadhollow Road, Suite 305
Melville, NY 11747
(631) 247-4700
jbauer@littler.com
kspina@littler.com
*Attorneys for Defendant*
*Contemporary Computer Services, Inc.*

-10-