UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
JOHN BENJAMIN SILVERSTEIN,   Docket No. 18-CV-4360 (JFB)(AKT)

                                Plaintiff,

-against-

MASSAPEQUA UNION FREE SCHOOL DISTRICT
(the "District"), NASSAU COUNTY BOARD OF
COOPERATIVE EDUCATION SERVICES ("BOCES"), and
CONTEMORARY COMPUTER SERVICE, INC ("CCSI")

                                Defendants.
---------------------------------------------------------------------------X

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT NASSAU BOARD OF COOPERATIVE EDUCATIONAL SERVICES' MOTION TO ENFORCE THE INDEMNIFICATION CLAUSE OF THE VENDOR SERVICE AGREEMENT

*Of Counsel:* Lewis R. Silverman, *Esq.*
               Joshua M. Goldstein, *Esq*

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES**……………………………………………………………………..iii

**ARGUMENT**......................................................................................................................................1

    **POINT I**

    **ABANDONMENT OF CAUSES OF ACTION AGAINST BOCES**………..................1

    **POINT II**

    **THIS MOTION SHOULD BE HELD IN ABEYANCE**................................................3

**CONCLUSION** ................................................................................................................................3

## **TABLE OF AUTHORITIES**

**Cases**

*Chamberlain v. City of White Plains*,
   986 F. Supp. 2d 363, 2013 WL 6477334 (S.D.N.Y. 2013) ........................................................2
*Jean-Louis v. Metro. Cable Commc'ns, Inc.*,
   838 F. Supp. 2d 111 (S.D.N.Y. 2011)........................................................................................1
*Liang v. City of New York*,
   2014 WL 4966074, n. 1 (E.D.N.Y. Oct. 3, 2014)......................................................................2
*Lipton v. Cnty. of Orange, N.Y.*,
   315 F.Supp.2d 434 (S.D.N.Y 2004)...........................................................................................2
*Magnuson v. Newman*,
   2013 WL 5380387, n. 3 (S.D.N.Y. Sept. 25, 2013)...................................................................2
*Romeo & Juliette Laser Hair Removal, Inc. v. Assara I LLC*,
   2014 WL 4723299 (S.D.N.Y. Sept. 23, 2014)...........................................................................2
*Rutherford Food Corp. v. McComb*,
   331 U.S. 722, 67 S. Ct. 1473, 91 L. Ed. 1772 (1947)................................................................1
*Tieman v. City of Newburgh*,
   2015 WL 1379652, n. 10 (S.D.N.Y. Mar. 26, 2015) .................................................................2
*Watkins v. First Student, Inc.*,
   2018 WL 1135480 (S.D.N.Y. Feb. 28, 2018)............................................................................1
*Westchester Cty. Indep. Party v. Astorino*,
   137 F. Supp. 3d 586, 2015 WL 5883718 (S.D.N.Y. 2015) .......................................................2
*Wright v. Brae Burn Country Club, Inc.*,
   2009 WL 725012 (S.D.N.Y. Mar. 20, 2009) .............................................................................2
*Zheng v. Liberty Apparel Co. Inc.*,
   355 F.3d 61 (2d Cir. 2003).........................................................................................................1

## PRELIMINARY STATEMENT

Defendant, Nassau Board of Cooperative Educational Services ("BOCES"), by and through its attorneys, Silverman & Associates, respectfully submits this Reply Memorandum of Law in further support of its Motion to Enforce the Indemnification Clause of the 2015-2016 Vendor Service Agreement ("the Agreement") between BOCES and Defendant Contemporary Computer Services, Inc. ("CCSI").

## ARGUMENT

**POINT I:** **ABANDONMENT OF CAUSES OF ACTION AGAINST BOCES**

In BOCES' Memorandum of Law in support of its Motion to Dismiss the Plaintiff's Complaint, we argued that Plaintiff's claims under the Fair Labor Standards Act ("FLSA") are time-barred as Plaintiff failed to plausibly allege that BOCES acted willfully. *Watkins v. First Student, Inc.,* No. 17-CV-1519 (CS), 2018 WL 1135480, at *8 (S.D.N.Y. Feb. 28, 2018). We also argued that Plaintiff failed to state a claim as BOCES could not be considered a joint employer under both the FLSA and New York Labor Law per either the Formal Control Test or the Functional Control Factors as Plaintiff failed to plausibly allege that BOCES functioned as Plaintiff's employer. *See Zheng v. Liberty Apparel Co. Inc.*, 355 F.3d 61, 70 (2d Cir. 2003) (citing *Rutherford Food Corp. v. McComb,* 331 U.S. 722, 724–25, 730, 67 S. Ct. 1473, 1474, 91 L. Ed. 1772 (1947)); *Jean-Louis v. Metro. Cable Commc'ns, Inc.,* 838 F. Supp. 2d 111 (S.D.N.Y. 2011).

We also argued that Plaintiff's claims under the ADA and the ADEA must fail as Plaintiff failed to exhaust administrative remedies. Further, we argued that Plaintiff's state law claims necessitated dismissal as they are time-barred or alleged conduct that did not rise to the necessary level of conduct to survive scrutiny.

1

Plaintiff did not oppose any of these arguments as he did not file an opposition brief. It is well settled that where a plaintiff does not oppose arguments seeking dismissal of claims in a Rule 12(b) motion to dismiss, those claims are deemed to be abandoned. *See Tieman v. City of Newburgh*, 2015 WL 1379652, at *15 n. 10 (S.D.N.Y. Mar. 26, 2015) (holding that the plaintiff abandoned a claim when he did not respond to the defendant's arguments in support of its motion to dismiss); *Liang v. City of New York*, 2014 WL 4966074, at *1 n. 1 (E.D.N.Y. Oct. 3, 2014) (deeming abandoned and dismissing claim against certain defendants where the plaintiff did not respond to their arguments in support of their motion to dismiss); *Wright v. Brae Burn Country Club, Inc.*, 2009 WL 725012, at *5 (S.D.N.Y. Mar. 20, 2009) (deeming abandoned and dismissing the plaintiffs' claim where the plaintiffs failed to address the defendants arguments about that claim); *Westchester Cty. Indep. Party v. Astorino*, 137 F. Supp. 3d 586, 617–18, 2015 WL 5883718 (S.D.N.Y. 2015) (holding that the plaintiffs abandoned their certain claims where several of the defendants moved to dismiss a claim and the plaintiffs did not oppose its dismissal); *Magnuson v. Newman*, No. 10 CIV. 6211 JMF, 2013 WL 5380387, at *6 n. 3 (S.D.N.Y. Sept. 25, 2013) (citing *Lipton v. Cnty. of Orange, N.Y.*, 315 F.Supp.2d 434, 445 (S.D.N.Y 2004) (Court dismissed certain FLSA claims on behalf of corporate plaintiffs after the plaintiff failed to respond to the defendants' argument for dismissal).

"At the motion to dismiss stage . . . a plaintiff abandons a claim by failing to address the defendant's arguments in support of dismissing that claim." *Romeo & Juliette Laser Hair Removal, Inc. v. Assara I LLC*, 2014 WL 4723299, at *7 (S.D.N.Y. Sept. 23, 2014). Furthermore, a "court may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed." *Chamberlain v. City of White Plains,*

2

986 F. Supp. 2d 363, 392, 2013 WL 6477334 (S.D.N.Y. 2013). As in the cases cited above, Plaintiff's claims against BOCES should be deemed by the Court as abandoned.

Plaintiff's failure to raise any argument whatsoever in opposition to the dispositive arguments raised by BOCES in the Rule 12 Motion to Dismiss constitutes an abandonment of the claims against them, and as such, the claims should be dismissed in their entirety, and with prejudice.

**POINT II:**  **THIS MOTION SHOULD BE HELD IN ABEYANCE**

Due to Plaintiff's failure to oppose any argument in BOCES' Motion to Dismiss, the Court should find that Plaintiff has abandoned his claims against BOCES and dismiss his claims. The instant motion for enforcement of the indemnification clause of the Agreement may therefore be moot. As a result, we respectfully request that this motion be held in abeyance pending a decision by the Court on BOCES' Motion to Dismiss.

**CONCLUSION**

For all the foregoing reasons, BOCES respectfully requests that the Court hold the instant motion in abeyance pending a decision by the Court on BOCES' Motion to Dismiss.

Dated: White Plains, New York
March 8, 2019

        Respectfully submitted,

        **SILVERMAN & ASSOCIATES**

By: _[signature]_
Lewis R. Silverman
Joshua M. Goldstein
*Attorneys for Defendant, Nassau Board Of Cooperative Educational Services*
445 Hamilton Avenue, Suite 1102
White Plains, New York 10601
(914) 574-4510

3

To:        Fred Grafstein, P.C.
*Attorney for Plaintiff*
2061 Deer Park Avenue
Deer Park, NY 11729
Attention: Fred Grafstein, Esq.

Sokoloff Stern LLP
*Attorneys for Co-Defendant,*
*Massapequa Union Free*
*School District*
179 Westbury Avenue
Carle Place, NY 11514
Attention: Mark A. Radi, Esq.

Littler Mendelson, P.C.
*Attorneys for Co-Defendant,*
*Contemporary Computer*
*Service, Inc.*
290 Broadhollow Road, Suite 305
Melville, NY 11747
Attention: Kelly C. Spina, Esq.