UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JOHN BENJAMIN SILVERSTEIN,

              Plaintiff,

  - against -

MASSAPEQUA UNION FREE SCHOOL DISTRICT,
NASSU COUNTY BOARD OF COOPERATIVE
EDUCATION SERVICES, and CONTEMPORARY
COMPUTER SERVICE, INC.,

              Defendants.
-------------------------------------------------------------------X

**MEMORANDUM AND ORDER**
18-CV-4360 (RRM) (AKT)

ROSLYNN R. MAUSKOPF, Chief United States District Judge.

In an Order dated September 18, 2019 ("Order"), the Court dismissed the federal claims of plaintiff John Benjamin Silverstein's original Verified Complaint. The Court dismissed Silverstein's claim under the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 *et seq.,* for failing to state a plausible claim, and dismissed Silverstein's claims arising under ERISA, under an unspecified employment discrimination law, and for wrongful termination and breach of fiduciary duties, all of which the Court dismissed for failing to satisfy Rule 8's pleading requirements. Having dismissed these actions, the Court indicated it might deny supplemental jurisdiction over the remaining state law claims, but granted Silverstein leave to amend to state a federal claim. Silverstein filed an Amended Complaint on November 19, 2019 to address the issues raised in the Court's Order. All three defendants now move to dismiss. For the reasons stated below, their motions are granted in part and denied in part.

## BACKGROUND

### I. Factual Background

The following facts are drawn directly from plaintiff's AC, and are assumed to be true for purposes of Defendants' motions. In 2001, Deputy Superintendent Sulc (presumably, an

employee of the Massapequa Union Free School District ("the District" or "MUFSD")) hired Silverstein as a "Network Systems Engineer" as part of an effort to "get the District up to date with current technology and grow and expand the District's technology footprint." (Compl. at ¶¶ 16–17.) According to Silverstein, Sulc informed him that he would be an employee of the MUFSD and promised him pension and healthcare benefits, as well as sick leave and vacation time. (*Id.* at ¶¶ 7, 25.) He was provided a cell phone and a computer by the District and given an office in the District's administration building. (*Id.* at ¶ 19.) Silverstein believed that he was an employee of the District. (*Id.* at ¶ 16.)

Silverstein reported his hours on timesheets that were provided by the District and which he submitted to the District on a weekly basis. (*Id.* at ¶ 21.) Although Silverstein worked over 40 hours a week, he never received overtime compensation from the District or any other entity. (*Id.* at ¶ 20.) However, he received regular raises and never received a negative performance review. (*Id.* at ¶ 22.)

From 2001 until sometime in 2007, Silverstein's work was supervised by Michael Pavlides, a District employee. (*Id.* at ¶ 19, 41.) For the first five years of this period, Silverstein was paid directly by the District. (*Id.* at ¶ 26.) However, after five years, Pavlides informed Silverstein that he had to "incorporate" if he "wished to continue to be treated as an employee." (*Id.* at ¶¶ 26–27.) Pavlides also informed Silverstein that he would now receive his paychecks from the Nassau County Board of Cooperative Educational Services ("BOCES"), explaining that auditors had recommended the changes because the District was eligible for state reimbursement if Silverstein was paid by BOCES. (*Id.* at ¶¶ 26–27, 31.) According to Silverstein, Pavlides led him to believe that he was, and would continue to be, an employee of the District. (*Id.* at ¶ 35.) Silverstein "begrudgingly complied," but only because he feared that he would be fired if he did

not. (*Id.* at ¶ 34.) Silverstein "did not receive any of the proper documents or notifications required by the Civil Service Laws regarding the transfer of a position from one State agency to another." (*Id.* at ¶ 34.) At this time, a third party, Contemporary Computer Service, Inc. ("CCSI") added him to their contractor list and began paying him as a contractor without his consent. (*Id.* at 32.)

Sometime in 2007, Robert Schilling replaced Pavlides as Silverstein's supervisor. (*Id.* at ¶ 41.) In June 2014, Silverstein notified Schilling that he had cancer. (*Id.* at ¶ 43.) In a subsequent meeting, Schilling told Silverstein that he could only keep his job if he took a $40,000 pay cut. (*Id.* at ¶¶ 43.) Knowing he needed to maintain his health insurance, Silverstein agreed. (*Id.* at ¶ 43.) In July 2015, Schilling reduced Silverstein's salary by an additional $10,000. (*Id.* at ¶¶ 44.) Finally, on January 8, 2016, Schilling terminated Silverstein. (*Id.* at ¶ 45.) Silverstein, who had never received a "formal negative performance review," was never warned that his job was in jeopardy or given a hearing, an appeal, or any of the procedural protections to which he was entitled under the Civil Service Laws. (*Id.* at ¶ 46.) After he was terminated, Silverstein learned that he "was never added to, and/or received any of the District's employee benefits including … pension, healthcare, sick and vacation time, and 401k" benefits. (*Id.* at ¶ 25.)

## II. The Instant Dispute

### A. The Verified Complaint

On or about March 28, 2018, Silverstein commenced this action in Nassau County Supreme Court against the District, BOCES, and CCSI. The first six causes of action in the Verified Complaint either clearly or arguably stated federal claims. The first cause of action clearly stated that Defendants' willfully violated the FLSA by failing to pay Silverstein for

3

overtime, even though he "consistently" worked over 40 hours per week. (Verified Complaint (Doc. No. 1-1) at ¶¶ 45–46.) The second cause of action alleged employment discrimination but did not specifically allege a violation of any federal employment discrimination statute. (*Id.* at ¶ 53.) Three other claims alluded to violations of unspecified federal laws. The third cause of action sounded in ERISA, alleging that Silverstein had never "received the proper benefits of a District employee, including but not limited to: pension, health care, vacation and sick leave, 401k, and other benefits provided to all employees of the District." (*Id.* at ¶ 59.) The fourth cause of action principally alleged that Defendants breached their "fiduciary duty to comply with [their] own policies and laws," (*id.* at ¶ 61), but also alleged that Silverstein was "never provided any documents in violation of State and Federal Education laws …." (*Id.* at ¶ 63.) The sixth cause of action alleged that the District violated "state and federal employment law" and "state and federal tax law" by terminating him, (*id.* at ¶¶ 70–71), but did not specify the federal laws which were allegedly violated.

Although the Verified Complaint named CCSI as a defendant, it contained virtually no non-conclusory, factual allegations concerning this defendant other than the allegation that CCSI "is a domestic Corporation that does business in New York." (*Id.* at ¶ 10.)

The four remaining causes of action alleged only state-law claims. The fifth cause of action alleged that the Defendants "intentionally or negligently inflicted emotional distress" on Silverstein. (*Id.* at ¶ 66.) The seventh cause of action alleged the breach of some unspecified "covenant." (*Id.* at ¶ 74.) The eighth cause of action alleged conversion of Silverstein's overtime wages and "earned benefits," (*id.* at ¶ 77), while the ninth cause of action alleged Silverstein was fraudulently induced to accept a position with Defendants.

### B.     The Court's Order

The action was removed to this Court on August 1, 2018.  Thereafter, all three defendants moved to dismiss the Verified Complaint pursuant to Fed. R. Civ. P. 12(b)(6).  The Court granted these motions in part and denied them in part in an order dated September 30, 2019, with leave to amend.  (Order (Doc. No. 71).)  The Court's order addressed four groups of issues: (1) whether Silverstein had stated a cause of action for FLSA overtime; (2) whether the complaint stated any other federal cause of action; (3) whether the complaint alleged the involvement of CCSI in any wrongdoing; and (4) whether the Court had jurisdiction over the state claims.

First, the Court held that Silverstein's first cause of action for FLSA overtime claim lacked the specificity required by Second Circuit precedent, because it said only that the plaintiff "consistently worked over (40) hour work weeks." (*Id*. at 7–8.)  The Court also held that the complaint had not "describe[d] his activities with sufficient specificity to allow [the Court] to determine whether he fit[ ] within" one of the categories of exempt employees under the FLSA. (*Id.* at 9–10.)  The Court declined to dismiss the FLSA overtime claim as time-barred, noting that Silverstein had filed within the three-year statute of limitations for a willful violation of FLSA, and that his allegation of a "willful violation" was sufficient at the complaint stage. (*Id.* at 11.)

Second, the Court dismissed the remainder of Silverstein's first six causes of action – the only causes of action which arguably stated federal claims.  The Court dismissed the second cause of action because it did not allude to any federal employment discrimination statute. (*Id*. at 12.)  The Court also dismissed Silverstein's third (ERISA), fourth (fiduciary duties) and sixth (wrongful termination) causes of action for failing to meet the notice pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. (*Id*. at 13.)

5

Third, the Court dismissed all claims against CCSI because Silverstein had failed to allege any facts tying the defendant to any alleged wrongdoing. (*Id*. at 8–9.) Fourth, the Court declined to rule on the sufficiency of any of the state claims under the fifth, seventh, eighth and ninth causes of action, noting that it might decline supplemental jurisdiction if the amended complaint failed to state a federal claim.

### C.  The Amended Complaint

In response to the Court's order, Silverstein filed the Amended Complaint on November 15, 2019. (AC (Doc. No. 76.)  In this pleading, Silverstein bolsters. removes or modifies several claims.

First, Silverstein added additional detail to his FLSA overtime complaint, now designated as his second cause of action, stating that the District kept and was aware of time sheets showing that he "worked a minimum of 4 to 6 hours of overtime a week" and that Silverstein "worked on or about []1,872 hours in overtime from 2010 through his firing" in 2016.[1] (AC at ¶¶ 65–66.)

Second, as to the remaining federal causes of action, Silverstein dropped the claims for employment discrimination and breach of fiduciary duties. He added no further details to the cause of action ostensibly arising under ERISA, now designated as his fifth cause of action, (*id.* at ¶ 79), and added no further factual details to this claim for wrongful termination, (*id.* at ¶¶ 89), now designated as his seventh cause of action, though he now also alleges that the termination violated state and federal law because the District failed to give proper notices or warning "necessary if he was a district employee." (*Id.* at ¶ 90.)

Third, Silverstein added details about CCSI's conduct. Silverstein now alleges on information and belief that "BOCES provided [sic] CCSI to enter in a contract with the District

---

[1] In a first cause of action, Silverstein sought declaratory judgment that the District and CCSI were joint employers. The Court construes the claim as part of the cause of action under the FLSA.

6

for this work that was being provide[d] by Plaintiff." (*Id.* at ¶ 30.)  Silverstein alleges in a sixth cause of action that CCSI improperly profited off his employment, resulting in an unlawful interference with his employment status. (*Id.* at ¶¶ 39, 83.)  But Silverstein maintains that he never entered into a written contract with CCSI, (*id.* at ¶ 38), and never had contact with anyone from CCSI after BOCES began to pay him, (*id.* at ¶ 35).

Fourth, Silverstein added or modified several state-law claims.  As a third cause of action, he added a separate claim for unpaid overtime under the New York Labor Law ("NYLL"). (AC at ¶¶ 68–74.)  He also added a fourth cause of action reading "in reliance on representations made to Plaintiff by Sulc and District regarding being a District employee Plaintiff did not seek," apparently an incomplete sentence. (*Id.* at ¶ 76.)  He maintained his state-law causes of action for breach of covenant, (eighth cause of action, *id.* at 93–96), and conversion, (ninth cause of action, *id.* 97–100), and removed the state causes of action that alleged intentional or negligent infliction of emotional distress and fraudulent inducement.

### D.     The Renewed Motions to Dismiss

All three defendants have now renewed their motions to dismiss this action.  MUFSD, BOCES, and CCSI maintain that Silverstein's FLSA overtime claim lacks the requisite plausibility. (MUFSD Mot. to Dismiss at 13–16; BOCES Mot. to Dismiss at 7–9; CCSI Mot. to Dismiss at 7–9.)  CCSI also argues that for purposes of overtime payment under FLSA, they were not an employer and therefore cannot be held liable. (CCSI at 4–6.)  MUFSD and BOCES also argue that Silverstein's complaint fell outside of the statute of limitations because it failed to state a willful violation, and the statute of limitations was therefore only two years. (MUFSD at 8–9; BOCES at 5–6.)  Even assuming a three-year statute of limitations, they argue that no overtime before March 28, 2015, can be counted because FLSA does not permit pleading of a

"continuing violation" theory, and any underpayment before this date falls outside of the three-year statute. (*Id*.) Both also argue that Silverstein was a computer professional exempt from overtime requirements. (MUFSD at 11–13; BOCES at 10).

As to the federal causes of action the Court dismissed in its Order, MUFSD and BOCES maintain that Silverstein has failed to state a claim. (MUFSD at 17–19); (BOCES at 10–11).

Finally, all three defendants argue for dismissal of the state claims. CCSI maintains that the claim against it for "unlawful interference" fails to state the requisite elements of a claim for tortious interference with business relations or contract. (CCSI at 10–11.) CCSI also argues that Silverstein's claim for unpaid benefits fails to state facts showing CCSI's involvement in the alleged denial of benefits, (*id*. at 10), and fails to allege the elements of a breach of contract, (*id*. at 11–13), or conversion claim, (*id*. at 14), against CCSI. MUFSD and BOCES both argue that all state claims against them are barred by the applicable state statutes of limitations. (MUFSD at 9–10; BOCES at 12–13.)

## STANDARD OF REVIEW

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

Though Silverstein has not submitted any opposition to the Motions, that, in itself, is not a reason to dismiss the complaint if it otherwise states a valid claim for relief. *McCall v. Pataki*, 232 F.3d 321, 322–23 (2d Cir.2000).

## DISCUSSION

### I. Federal Claims

#### A. Failure to State a Claim under the FLSA

"[I]n order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013). The Second Circuit has made it clear that a plaintiff is "required to do more than repeat the language of the statute." *Dejesus v. HF Mgmt. Servs.*, LLC, 726 F.3d 85, 89 (2d Cir. 2013). For example, it is insufficient for a plaintiff to allege "that in 'some or all weeks' she worked more than 'forty hours' a week without being paid '1.5' times her rate of compensation." *Id.* Saying that a plaintiff "typically" or "regularly" worked a certain amount of overtime also does not satisfy this standard. *Kuck v. Planet Home Lending, LLC*, 354 F. Supp. 3d 162, 169 (E.D.N.Y. 2018) (collecting cases). It must be possible to "surmise[e] a given work week" where the plaintiff worked overtime. *Chime v. Peak Sec. Plus, Inc.*, 137 F. Supp. 3d 183, 198 n. 10 (E.D.N.Y. 2015).

Here, the allegations are sufficient to conclude, at this stage, that Silverstein worked overtime. He alleges that he worked a minimum of 4 to 6 hours of overtime each and every week worked between 2010 and 2016. This allegation may be generalized, but it is still adequate

9

to "surmise a given work week" that Silverstein worked overtime, because each and every work week between 2010 and 2016 would have been such a work week. Silverstein has done more than repeat the statute or used an overly vague term such as "typically" or "regularly." His complaint therefore states a claim for FLSA overtime.

As the Court found in its Order, the question of whether Silverstein was an exempt computer professional is a question of fact that cannot be determined based on the allegations in the AC.[2]

### B.  CCSI as Employer

The FLSA's overtime action under 29 U.S.C. § 207(2) lies only against an "employer," which the FLSA defines as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The definition of "employer" looks to the "economic reality" of the alleged employer-employee relationship. *Irizarry v. Catsimatidis*, 722 F.3d 99, 104 (2d Cir. 2013). The Second Circuit has identified the following four factors in assessing this economic reality test: "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment and (4) maintained employment records." *Irizarry*, 722 F.3d at 105 (citing *Carter v. Dutchess Community C.*, 735 F.2d 8, 12 (2d Cir. 1984)). "No one of the four factors standing alone is dispositive. Instead, the 'economic reality' test encompasses the totality of circumstances, no one of which is exclusive." *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999).

There are no factual allegations that CCSI's relationship with Silverstein satisfied any of these factors. Silverstein may allege that CCSI administered his paycheck, but he does not allege

---

[2] The NYLL overtime regulations are not applicable to these defendants. *Infra*, Section II.B.

10

that CCSI "determined the rate and method of payment." Lacking any relevant allegations, Silverstein has not stated a claim that CCSI was his employer.

### C. FLSA Statute of Limitations Argument

Because Silverstein alleges willful conduct, a three-year statute of limitations applies to Silverstein's FLSA claim, rather than the two-year. *See Sharma v. Burberry Ltd.*, 52 F. Supp. 3d 443, 461 (E.D.N.Y. 2014) (citing 29 U.S.C. § 255(a)). MUFSD and BOCES maintain, however, that any claim for overtime worked before three years prior to the commencement of this action must be dismissed because there is no "continuing violation" doctrine applicable to a FLSA overtime claim, and each failure to pay overtime is a discrete violation that cannot be related, for limitations purposes, to prior failures to pay overtime. MUFSD and BOCES are correct; there is no continuing violation doctrine for a FLSA overtime claim. *Gustafson v. Bell Atl. Corp.*, 171 F. Supp. 2d 311, 321–23 (S.D.N.Y. 2001). Therefore, claims for FLSA overtime payments which accrued prior to March 28, 2015, are time-barred.

### D. Additional Federal Claims Addressed by the Order

Since the Amended Complaint added no further details regarding the cause of action ostensibly arising under ERISA and the cause of action for wrongful termination, these claims still fail to satisfy Rule 8's notice pleading requirement. To the extent the Amended Complaint added facts alleging a failure to provide notices required by state civil service laws, that claim is disposed of in section II.B, below.

## II. State Claims

### A. State Claims against CCSI

Even with the factual allegations added, the Amended Complaint is vague as to the exact state-law claims leveled against CCSI. The only claim appearing to approach the standard of

11

plausibility is one for tortious interference with contract. In order to state a claim for tortious interference in New York, the complaint must allege: (i) the existence of a valid contract; (ii) defendant's knowledge of that contract; (iii) defendant's intentional procurement of the breach of that contract; and (iv) damages caused by the breach. *G.K.A. Beverage Corp. v. Honickman*, 55 F.3d 762, 767 (2d Cir.), *cert. denied*, 516 U.S. 944 (1995).

Here, Silverstein alleges that he had a contract with MUFSD for benefits such as 401k and sick leave, and that CCSI interfered with this contract by placing him on their contractor list. Without deciding whether the complaint alleges a binding contract for such benefits, it is clear the Amended Complaint does not allege an intentional procurement of breach. Instead, the facts alleged here point to an intent on the part of BOCES and MUFSD to breach the contract out of their own self- interest. These entities, not CCSI, initiated the breach, so the Amended Complaint does not plausibly allege that CCSI intentionally procured the breach.

There are no facts in the Amended Complaint stating a claim for breach of contract or conversion as against CCSI. To the extent the Amended Complaint can be construed to have alleged a fraud claim, such claim is not stated with the requisite particularity under Rule 9(b) of the Federal Rules of Civil Procedure.

      **B.**     **State-Law Claims Against BOCES and MUFSD**

The remaining state-law claims against BOCES and MUFSD are barred by the applicable statutes of limitations, which require that tort claims against a school district be brought within one year and ninety days of accrual. N.Y. Educ. Law § 3813(2) (time bar of the municipal law applies to claims against school districts and boards of cooperative educational services); N.Y. Gen. Mun. Law § 50-i(1)(c) (time limit of one year and ninety days for claims against municipalities); *see Gym Door Repairs, Inc. v. Young Equip. Sales, Inc.*, 206 F. Supp. 3d 869,

12

910 (S.D.N.Y. 2016). All other, non-tort claims must be brought within one year. N.Y. Educ. Law § 3813(2-b); *see Harris v. Bd. of Educ. of the City Sch. Dist. of the City of New York,* 230 F. Supp. 3d 88, 100 (E.D.N.Y. 2017). Since Silverstein was terminated on January 8, 2016, this is the latest date any of the state causes of action could have accrued. However, Silverstein did not file the Verified Complaint until March 28, 2018, over two years later. The state claims against MUFSD and BOCES are therefore time-barred.

While the state wage law contains its own six-year statute of limitations for overtime actions that applies "notwithstanding" other statutes of limitation, the overtime regulations are not applicable to school districts. *See* N.Y. Lab. Law § 651(5).

## CONCLUSION

For the foregoing reasons, CCSI's Motion to Dismiss is granted in all respects, and CCSI is dismissed from this action. MUFSD and BOCE's Motions to Dismiss are granted in all respects, except as they pertain to overtime that accrued after three years prior to the commencement of this action, which continues only with respect to such overtime. This action is recommitted to Magistrate Judge Tomlinson for all remaining pre-trial matters, including settlement discussions if appropriate.

SO ORDERED.

Dated: Brooklyn, New York
      March 31, 2021

*Roslynn R. Mauskopf*

_____
ROSLYNN R. MAUSKOPF
Chief United States District Judge