```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
JOHN BENJAMIN SILVERSTEIN,                                  :
                                                            :   MEMORANDUM DECISION
                                    Plaintiff,              :   AND ORDER
                                                            :
            - against -                                     :   2:18-cv-4360 (BMC) (AKT)
                                                            :
MASSAPEQUA UNION FREE SCHOOL                                :
DISTRICT; NASSAU COUNTY BOARD                               :
OF COOPERATIVE EDUCATION                                    :
SERVICES; and CONTEMPORARY                                  :
COMPUTER SERVICE, INC.;                                     :
                                                            :
                                    Defendants.             :
                                                            :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

This three-year-old Fair Labor Standards Act case is before the Court on defendants' motion to dismiss for failure to prosecute. After a long period of inactivity, it came to the attention of defendants' counsel that plaintiff's attorney had passed away, and counsel advised the Court of that fact on April 14, 2021. Judge Tomlinson's Chambers undertook tremendous effort since that time to contact plaintiff and find out what he wanted to do but to no avail.

Judge Tomlinson's Chambers first wrote to plaintiff on April 19, 2021, at his last known address of record, directing him to notify the Court of how he wanted to proceed by May 21, 2021, and cautioning him that if he did not do so, the case might be dismissed. Both first-class and certified mail copies of that letter were returned as undeliverable. Judge Tomlinson's staff tried the phone numbers of both plaintiff and another attorney, who had previously appeared as counsel for plaintiff and had the same office address and a similar phone number as the deceased attorney. Both numbers were out of service. Judge Tomlinson's Chambers then contacted the

Suffolk County Bar Association and received a telephone number and email for the deceased attorney's secretary. In a phone call, the secretary advised that she was also the sister of the deceased attorney, that he had been in the process of winding down his practice in the year before he died, and that there was no successor attorney. In addition, she advised the Court that the deceased attorney had made numerous attempts to contact plaintiff over the past year to no avail and that she did not have any additional contact information for plaintiff.

Federal Rule of Civil Procedure 41(b) provides that a court may dismiss an action based upon the failure of a plaintiff to prosecute or to comply with an order of the court. See Fed. R. Civ. P. 41(b); see also Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962); Simmons v. Abruzzo, 49 F.3d 83, 87 (2d Cir. 1995). Since a Rule 41(b) dismissal is a "harsh remedy," it is "appropriate only in extreme situations." Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996). To determine whether dismissal for failure to prosecute is appropriate, courts generally consider:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether the plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

Jefferson v. Webber, 777 F. App'x 11, 14 (2d Cir. 2019) (summary order) (alteration adopted) (quoting Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014)). No single factor is dispositive. Nita v. Conn. Dep't of Env't Prot., 16 F.3d 482, 485 (2d Cir. 1994). Ultimately, the record must be viewed "as a whole" in order to determine whether dismissal is warranted. United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004) (citing Peart v. City of New York, 992 F.2d 458, 461 (2d Cir. 1993)).

These factors, however, do not fit readily into a scenario like the present case where a plaintiff has simply disappeared and his attorney has died. In this situation, perhaps the most

significant factor is that plaintiff's deceased attorney made multiple attempts to contact plaintiff to arrange for successor counsel within the year before the attorney died. The deceased attorney was unable to contact plaintiff and this Court has no way to do it either. The Court attempted to provide plaintiff with notice that he must advise the Court of his intentions in light of his attorney's death or the case would be subject to dismissal, but since plaintiff had not responded to his attorney with updated address information, the notice was not effective. That is no one's fault but plaintiff's.

To the extent the usual factors cited above inform this Court's decision, they all point towards granting defendants' motion to dismiss. Judge Tomlinson's Chambers utilized significant resources trying to get plaintiff to fulfill his basic obligation to let the Court (or his attorney) know where he is and how to reach him. See Sturgis v. DeMarco, No. 13-cv-2125, 2013 WL 3288308, at *2 (E.D.N.Y. June 27, 2013) ("The duty to inform the Court and defendants of any change of address is an obligation that rests with all *pro se* plaintiffs."). Those efforts have been undertaken at a time when cases on the Court's civil docket are at an all-time high, in part due to the fact that there are four vacancies among the district judges and an ongoing pandemic. Moreover, three district judges in this Court have already presided over this case. The Court's interest in managing its docket is significant in a situation where so much effort has been expended and there is no indication when, if ever, plaintiff will reappear. For the same reason, because there is no way to reach plaintiff, no lesser sanction than dismissal will be effective.

Finally, prejudice may be presumed considering the length of inactivity. "Where a plaintiff has become inaccessible for months at a time, courts presume prejudice." Caussade v. United States, 293 F.R.D. 625, 630 (S.D.N.Y. 2013); see also Maldonado v. Menacola Mktg.,

3

Inc., No. 12-cv-6236, 2013 WL 5206396, at *2 (E.D.N.Y. Sept. 12, 2013) (presuming prejudice after a four-month delay); Fernandez v. Abando, No. 08-cv-5918, 2009 WL 1182404, at *2 (S.D.N.Y. May 4, 2009) (presuming prejudice after a nine-month delay). Although motions to dismiss have been decided and granted in part, it appears from the docket that little or no discovery has been undertaken. The complaint concerns events alleged to have occurred more than five years ago. To begin the litigation of the case anew, even if plaintiff suddenly reappeared, would face the difficulty of the long delay. In addition, defendants do not have to have a lawsuit hanging over their heads indefinitely.

Accordingly, defendants' motion to dismiss [108] is granted.

**SO ORDERED.**

Digitally signed by Brian M. Cogan
_____
U.S.D.J.

Dated: Brooklyn, New York
August 3, 2021